VINCENT T. MCMANUS, JR., ET AL. *v.* COMMISSIONER OF ENVIRONMENTAL PROTECTION
(14836)

PETERS, C. J., CALLAHAN, BORDEN, BERDON and KATZ, Js.

Argued March 30—decision released June 14, 1994

*Patricia A. Horgan,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Joseph Rubin* and *Robert B. Teitelman,* assistant attorneys general, for the appellant (defendant).

*Patrick M. Noonan,* for the appellees (plaintiffs).

KATZ, J. The sole issue in this certified appeal is whether, under the circumstances of this case, the defendant, the commissioner of environmental protection, was permitted to issue an administrative order to abate a violation of the wetlands laws pursuant to General Statutes § 22a-44 (a) after maintaining, for three years, a civil action pursuant to § 22a-44 (b) that was subsequently withdrawn without prejudice.[1] We

---

[1] General Statutes § 22a-44 provides in part: "(a) If the inland wetlands agency or its duly authorized agent finds that any person is conducting or maintaining any activity, facility or condition which is in violation of sections 22a-36 to 22a-45, inclusive, or of the regulations of the inland wetlands agency, the agency or its duly authorized agent may issue a written order by certified mail, to such person conducting such activity or maintaining such facility or condition to cease immediately such activity or to correct such facility or condition. Within ten days of the issuance of such order the agency shall hold a hearing to provide the person an opportunity to be heard and show cause why the order should not remain in effect. The

agree with the Appellate Court that the defendant was not authorized to issue such an order under the circumstances of this case. Therefore, we affirm the judgment of the Appellate Court, although we do so on different grounds.

The following facts are undisputed. In April, 1985, the named plaintiff, Vincent McManus, contacted the state department of environmental protection (department) concerning the excavation of a farm pond in a wetland located on property owned by his wife, the plaintiff Patricia McManus. An environmental analyst from the department made a preliminary on-site deter-

agency shall consider the facts presented at the hearing and within ten days of the completion of the hearing notify the person by certified mail that the original order remains in effect, that a revised order is in effect, or that the order has been withdrawn. The original order shall be effective upon issuance and shall remain in effect until the agency affirms, revises or withdraws the order. The issuance of an order pursuant to this section shall not delay or bar an action pursuant to subsection (b) of this section. The commissioner may issue orders pursuant to sections 22a-6 to 22a-7, inclusive, concerning an activity, facility or condition which is in violation of said sections 22a-36 to 22a-45, inclusive, if the municipality in which such activity, facility or condition is located has failed to enforce its inland wetlands regulations.

"(b) Any person who commits, takes part in, or assists in any violation of any provision of sections 22a-36 to 22a-45, inclusive, including regulations adopted by the commissioner and ordinances and regulations promulgated by municipalities or districts pursuant to the grant of authority herein contained, shall be assessed a civil penalty of not more than one thousand dollars for each offense. Each violation of said sections shall be a separate and distinct offense, and, in the case of a continuing violation, each day's continuance thereof shall be deemed to be a separate and distinct offense. The superior court, in an action brought by the commissioner, municipality, district or any person, shall have jurisdiction to restrain a continuing violation of said sections, to issue orders directing that the violation be corrected or removed and to assess civil penalties pursuant to this section. All costs, fees and expenses in connection with such action shall be assessed as damages against the violator together with reasonable attorney's fees which may be allowed, all of which shall be awarded to the commissioner, municipality, district or person which brought such action. The moneys collected pursuant to this section shall be used by the commissioner of environmental protection, to restore the affected wetlands or watercourses to their condition prior to the violation, wherever possible."

mination that the proposed farm pond was not likely to have a significant adverse impact on the wetland and therefore was "no big deal." In September, 1985, the department informed the plaintiffs that the farm pond could be excavated without a permit pursuant to the exemption provided under General Statutes § 22a-40 (a) (1),[2] but that the creation of a "pasture or other fast land in wetlands adjacent to the pond [was] not exempt." Thereafter, the plaintiffs filed, but subsequently withdrew, an application for a permit to excavate a farm pond and deposit the excavated material on the surrounding area.

In the spring of 1987, the plaintiffs excavated a farm pond on their property and deposited the removed material on the surrounding wetlands. On May 4, 1987, the defendant filed a civil action pursuant to § 22a-44 (b) against Patricia McManus seeking the removal of the fill from the wetlands adjacent to the farm pond, the restoration of the wetlands to their prior condition, and the payment of a civil penalty and various costs. Pursuant to General Statutes § 22a-42,[3] on July 1, 1988,

[2] General Statutes § 22a-40 (a) provides in relevant part: "The following operations and uses shall be permitted in wetlands and watercourses, as of right:

"(1) Grazing, farming, nurseries, gardening and harvesting of crops and farm ponds of three acres or less . . . ."

[3] General Statutes § 22a-42 provides: "(a) To carry out and effectuate the purposes and policies of sections 22a-36 to 22a-45, inclusive, it is hereby declared to be the public policy of the state to require municipal regulation of activities affecting the wetlands and watercourses within the territorial limits of the various municipalities or districts.

"(b) Any municipality may acquire wetlands and watercourses within its territorial limits by gift or purchase, in fee or lesser interest including, but not limited to, lease, easement or covenant, subject to such reservations and exceptions as it deems advisable.

"(c) On or before July 1, 1988, each municipality shall establish an inland wetlands agency or authorize an existing board or commission to carry out the provisions of sections 22a-36 to 22a-45, inclusive. Each municipality, acting through its legislative body, may authorize any board or commission, as may be by law authorized to act, or may establish a new board or

the department transferred jurisdiction over the inland wetlands and watercourses of the town of Wallingford to the newly created Wallingford inland wetlands commission (commission). The department, however, informed the commission that it was retaining jurisdiction over enforcement activities that were already underway.

On March 6, 1990, the defendant issued an administrative order to both plaintiffs directing removal of the

commission to promulgate such regulations, in conformity with the regulations adopted by the commissioner pursuant to section 22a-39, as are necessary to protect the wetlands and watercourses within its territorial limits. The ordinance establishing the new board or commission shall determine the number of members and alternate members, the length of their terms, the method of selection and removal and the manner for filling vacancies in the new board or commission. No member or alternate member of such board or commission shall participate in the hearing or decision of such board or commission of which he is a member upon any matter in which he is directly or indirectly interested in a personal or financial sense. In the event of such disqualification, such fact shall be entered on the records of such board or commission and replacement shall be made from alternate members of an alternate to act as a member of such commission in the hearing and determination of the particular matter or matters in which the disqualification arose. For the purposes of this section, the board or commission authorized by the municipality or district, as the case may be, shall serve as the sole agent for the licensing of regulated activities.

"(d) Any municipality, pursuant to ordinance, may act through the board or commission authorized in subsection (c) of this section to join with any other municipalities in the formation of a district for the regulation of activities affecting the wetlands and watercourses within such district. Any city or borough may delegate its authority to regulate inland wetlands under this section to the town in which it is located.

"(e) Municipal or district ordinances or regulations may embody any regulations promulgated hereunder, in whole or in part, or may consist of other ordinances or regulations in conformity with regulations promulgated hereunder. Any ordinances or regulations shall be for the purpose of effectuating the purposes of sections 22a-36 to 22a-45, inclusive, and, a municipality or district, in acting upon ordinances and regulations shall give due consideration to the standards set forth in section 22a-41.

"(f) Nothing contained in this section shall be construed to limit the existing authority of a municipality or any boards or commissions of the municipality, provided the commissioner shall retain authority to act on any application filed with said commissioner prior to the establishment or designation of an inland wetlands agency by a municipality."

fill and restoration of the wetlands. Two days later, after almost three years of extensive pleadings, motions and depositions, the defendant withdrew the civil action against Patricia McManus, leaving the administrative order in place. The plaintiffs appealed from the administrative order pursuant to General Statutes § 22a-6 (e). After a hearing, an administrative hearing officer from the department issued a "Final Decision and Order" upholding the administrative order. Pursuant to General Statutes § 22a-43 (a),[4] the plaintiffs appealed to the trial court, which upheld the decision of the department's administrative hearing officer. The plaintiffs then appealed to the Appellate Court.

The Appellate Court concluded that § 22a-44 prohibited the defendant from issuing an administrative order pursuant to subsection (a) after having initiated a civil action pursuant to subsection (b). *McManus* v. *Commissioner of Environmental Protection*, 31 Conn. App. 105, 623 A.2d 1041 (1993). The Appellate Court therefore reversed the judgment of the trial court and remanded the case with direction to sustain the plaintiffs' appeal. We granted the defendant's petition for certification to appeal[5] and now affirm the judgment of the Appellate Court on different grounds.

[4] General Statutes § 22a-43 (a) provides in relevant part: "The commissioner or any person aggrieved by any regulation, order, decision or action made pursuant to sections 22a-36 to 22a-45, inclusive, by the commissioner, district or municipality or any person owning or occupying land which abuts any portion of land or is within a radius of ninety feet of the wetland or watercourse involved in any regulation, order, decision or action made pursuant to said sections may, within the time specified in subsection (b) of section 8-8 from the publication of such regulation, order, decision or action, appeal to the superior court for the judicial district where the land affected is located, and if located in more than one judicial district to the court in any such judicial district."

[5] We granted certification limited to the following issue: "Does General Statutes § 22a-44 (a) prohibit the commissioner of environmental protection from issuing an administrative order to abate a violation of the wetland laws once the commissioner has initiated an action for injunctive relief,

The defendant argues that the Appellate Court's decision should be reversed. The defendant reasons that because subsections (a) and (b) of § 22a-44 provide independent, alternative remedies, the initiation of a civil action does not bar the subsequent issuance of an administrative order. We need not address this issue, however, because we conclude that even if the initiation of a civil action does not bar the subsequent issuance of an administrative order, the defendant did not have jurisdiction to issue the March, 1990 order.

In 1987, the legislature amended the Inland Wetlands and Watercourses Act (act); General Statutes §§ 22a-36 through 22a-45; "to require municipal regulation of activities affecting the wetlands and watercourses within the territorial limits of the various municipalities or districts." General Statutes § 22a-42 (a); see Public Acts 1987, No. 87-533, §§ 5, 14. Each municipality was required to "establish an inland wetlands agency or authorize an existing board or commission to carry out the provisions of" the act. General Statutes § 22a-42 (c). We held in *Samperi* v. *Inland Wetlands Agency,* 226 Conn. 579, 591–92, 628 A.2d 1286 (1993), that, pursuant to the amendments, "[t]he local inland wetlands agency was given the *sole authority* to license and regulate wetland activities . . . . The legislature, in effect . . . placed the initial and principal responsibility for striking the balance between economic activities and preservation of wetlands in the hands of the local authorities." (Emphasis added.) As previously noted, on July 1, 1988, the department transferred jurisdiction over local inland wetlands matters to the commission.

Before both the department's administrative hearing officer and the trial court, the plaintiffs claimed that

even if the civil action for injunctive relief has been withdrawn without prejudice?" *McManus* v. *Commissioner of Environmental Protection,* 227 Conn. 904, 904–905, 632 A.2d 692 (1993).

the defendant could not properly issue the March 6, 1990 administrative order because jurisdiction had been transferred to the commission.[6] Both the department's administrative hearing officer and the trial court rejected this claim, on the basis of: (1) § 22a-42 (f), which provides that "the commissioner shall retain authority to act on any application filed with said commissioner prior to the establishment or designation of an inland wetlands agency by a municipality"; and (2) the fact that the letter sent by the department to the commission transferring jurisdiction explicitly retained jurisdiction over "enforcement activities currently underway." Both the department's hearing officer and the trial court construed § 22a-42 (f) to apply to enforcement activities as well as permit applications. In addition, both concluded that, because the defend-

---

[6] We recognize that although this precise claim was raised and briefed before the trial court, it was neither considered by the Appellate Court nor explicitly briefed before this court. Nevertheless, this court may consider claims that fall within the scope of the certified question. *Rozbicki* v. *Huybrechts*, 218 Conn. 386, 389, 589 A.2d 363 (1991); see footnote 5.

Moreover, it is the defendant's own brief that has prompted our consideration of jurisdiction. Footnote 9 of the defendant's brief states that "when this enforcement action began, Wallingford did not have a municipal inland wetlands agency and jurisdiction rested with the Commissioner. When jurisdiction was transferred to the Wallingford Inland Wetlands Commission on July 1, 1988, the Department of Environmental Protection retained authority over ongoing enforcement activities, of which this case was one. . . . When [the administrative order] was issued on March 6, 1990, it was issued by the Commissioner because it related to wetlands violations initiated prior to the existence of the Wallingford wetlands agency." This footnote suggests that the defendant's jurisdiction to issue the administrative order was predicated on the fact that the civil action had been initiated prior to July 1, 1988. Predicating jurisdiction to issue the administrative order on the existence of the civil action appears to be inconsistent with the defendant's other claims that subsections (a) and (b) of § 22a-44 provide independent, alternative methods of enforcing the act, and that dismissing a civil action without prejudice "leaves the parties free to litigate the matter in a subsequent action, *as though the dismissed action had not been commenced.*" (Emphasis in original.) These factors have led us to decide as a threshold question whether the defendant had jurisdiction in March, 1990, to issue the order.

ant had filed the civil action in 1987, there had been an enforcement activity underway when jurisdiction was transferred in 1988, and therefore the defendant had retained jurisdiction over the plaintiffs' alleged violation and could properly have issued the March 6, 1990 order. We disagree.[7]

We assume, for purposes of this appeal, that § 22a-42 (f) applies to enforcement activities as well as permit applications, and that it authorized the defendant to maintain the § 22a-44 (b) civil action against Patricia McManus after jurisdiction over wetlands matters had been transferred to the commission. Notwithstanding this assumption, subsections (a) and (b) of § 22a-44 provide independent, alternative remedies that are procedurally distinct. *Conservation Commission* v. *Price,* 193 Conn. 414, 421, 479 A.2d 187 (1984). A civil action pursuant to subsection (b) proceeds like any other judicial action, with the trial court acting as fact finder and decision maker. In contrast, if the defendant issues an administrative order pursuant to subsection (a), the aggrieved party's recourse is a hearing before an administrative hearing officer of the department who acts as both fact finder and decision maker.[8] While a further appeal to the trial court is allowed, the

---

[7] General Statutes § 22a-44 (a) provides in part that the "commissioner may issue orders . . . concerning an activity, facility or condition which is in violation of said sections 22a-36 to 22a-45, inclusive, if the municipality in which such activity, facility or condition is located has failed to enforce its inland wetlands regulations." The defendant does not claim, however, that Wallingford has failed to enforce its regulations. Therefore, the defendant cannot predicate jurisdiction to issue the administrative order on this provision.

[8] General Statutes § 22a-6 (e) provides: "Whenever the commissioner issues an order to enforce any statute, regulation, permit or order administered or issued by him, any person or municipality aggrieved by such order may, except as otherwise provided by law, request a hearing before the commissioner within thirty days from the date such order is sent. Such hearing shall be conducted in accordance with the procedures provided by chapter 54." Chapter 54 of the General Statutes is the Uniform Administrative Procedure Act, General Statutes § 4-166 et seq.

court acts as an appellate court and must defer to the agency's findings of fact and conclusions.[9] Furthermore, although to enforce the order it may be necessary for the defendant to initiate a civil action after an administrative order is issued, the converse is not true. An administrative order is not needed to enforce a civil judgment and cannot provide a greater remedy. Therefore, by issuing the administrative order three years after commencing the civil action, and then withdrawing the civil action, the defendant did not merely pursue an enforcement activity to its logical conclusion. Rather, the defendant abandoned the enforcement activity that had been underway and commenced a different enforcement vehicle in a different forum.

We do not believe that, in enacting § 22a-42 (f), the legislature intended to authorize the defendant to abandon a civil action pursuant to § 22a-44 (b) and initiate administrative proceedings against the plaintiffs almost two years after jurisdiction had been transferred to the commission. We recognize that environmental statutes are remedial in nature and should be construed liberally to accomplish their purposes. *Starr* v. *Commissioner of Environmental Protection,* 226 Conn. 358, 382, 627 A.2d 1296 (1993). We note, however, that the broad construction given to § 22a-42 (f) by the department and the trial court is unnecessary to accomplish the purposes of the act, because the defendant could have enforced the act fully through the § 22a-44 (b) civil action. We therefore decline to construe the statute to authorize the issuance of an administrative order against the plaintiffs almost two years after jurisdiction had been transferred to the municipality.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

[9] For a discussion of the scope of judicial review under the Uniform Administrative Procedure Act, see *Pet* v. *Dept. of Health Services,* 228 Conn. 651, 660–61, 638 A.2d 6 (1994).