AVALONBAY COMMUNITIES, INC. *v.* ZONING COMMISSION OF THE TOWN OF STRATFORD
(SC 17461)

AVALONBAY COMMUNITIES, INC. *v.* INLAND WETLANDS AND WATERCOURSES AGENCY OF THE TOWN OF STRATFORD
(SC 17460)

Borden, Norcott, Katz, Vertefeuille and Zarella, Js.

Argued February 10—officially released October 31, 2006

*Timothy S. Hollister*, with whom was *Benjamin M. Wattenmaker*, for the appellant (plaintiff in both cases).

*Kevin C. Kelly*, with whom were *Timothy A. Bishop*, *Brian M. Stone, Timothy D. Bates* and, on the brief, *Michael S. Casey*, for the appellees (proposed intervenor and defendant in each case).

*Opinion*

VERTEFEUILLE, J. The issue presented in these certified appeals is whether a municipality, acting through its town council, can intervene in appeals to the Superior Court from decisions of the municipality's inland wetlands and watercourses agency and its zoning commission pursuant to General Statutes § 22a-19,[1] the citi-

---

[1] General Statutes § 22a-19 (a) provides: "In any administrative, licensing or other proceeding, and in any judicial review thereof made available by law, the Attorney General, any political subdivision of the state, any instrumentality or agency of the state or of a political subdivision thereof, any person, partnership, corporation, association, organization or other legal entity may intervene as a party on the filing of a verified pleading asserting that the proceeding or action for judicial review involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state."

zen intervention provision of the Environmental Protection Act of 1971, General Statutes § 22a-14 et seq. The plaintiff, AvalonBay Communities, Inc., appeals from the judgment of the Appellate Court reversing the trial court's decisions granting the plaintiff's motions to strike petitions for intervention in both appeals filed by the town of Stratford (town) through its town council.[2] The plaintiff contends that the Appellate Court improperly reversed the trial court's decisions on the basis of its conclusion that § 22a-19 allows for the town's intervention. The plaintiff claims that such intervention is impermissible because it would conflict with the town's delegation of municipal authority to the two defendant agencies, the zoning commission of the town of Stratford (zoning commission) and the inland wetlands and watercourses agency of the town of Stratford (wetlands agency) pursuant to General Statutes §§ 8-1[3] and 22a-42.[4] We disagree, and, accordingly, we affirm the judgment of the Appellate Court.

The Appellate Court's decision sets forth the following undisputed facts and procedural history. "The plain-

[2] Although the zoning commission of the town of Stratford and the inland wetlands and watercourses agency of the town of Stratford have not filed briefs in this appeal, they have filed notice that they join in and support the town's brief.

[3] General Statutes § 8-1 (a) provides in relevant part: "Any municipality may, by vote of its legislative body, adopt the provisions of this chapter and exercise through a zoning commission the powers granted hereunder. . . ."

[4] General Statutes § 22a-42 (c) provides in relevant part: "[E]ach municipality shall establish an inland wetlands agency or authorize an existing board or commission to carry out the provisions of sections 22a-36 to 22a-45, inclusive. Each municipality, acting through its legislative body, may authorize any board or commission, as may be by law authorized to act, or may establish a new board or commission to promulgate such regulations, in conformity with the regulations adopted by the commissioner [of environmental protection] pursuant to section 22a-39, as are necessary to protect the wetlands and watercourses within its territorial limits. . . . For the purposes of this section, the board or commission authorized by the municipality or district, as the case may be, shall serve as the sole agent for the licensing of regulated activities."

tiff in both of these matters . . . sought to construct an apartment complex in the [town]. One fourth of the units in the complex were to be set aside for low and moderate income housing in accordance with Connecticut's affordable housing statute, General Statutes § 8-30g.[5] To that end, the plaintiff applied to the [zoning commission] for an amendment to the zoning regulations,[6] a zone change for the proposed development site[7] and approval of a site development plan. Because the proposed development site included a brook and adjacent wetlands, the plaintiff also applied to the [wetlands agency] for a permit to conduct a regulated activity.[8] The zoning commission and the wetlands agency denied the plaintiff's applications, both initially and after the applications had been revised.[9]

"The plaintiff thereafter appealed from each entity's decision to the Superior Court. In the appeal from the zoning commission's decision . . . only the zoning commission was named as a defendant; in the appeal from the wetlands agency's decision . . . only the wetlands agency was named as a defendant. After the

[5] General Statutes § 8-30g (a) (6) defines a "set-aside development" as one in which a portion of the dwelling units "will be conveyed by deeds containing covenants or restrictions which shall require that, for at least forty years after the initial occupation of the proposed development, such dwelling units shall be sold or rented at, or below, prices which will preserve the units as housing for which persons and families pay thirty per cent or less of their annual income, where such income is less than or equal to eighty per cent of the median income." A subset of the units so set aside "shall be sold or rented to persons and families whose income is less than or equal to sixty per cent of the median income . . . ." General Statutes § 8-30g (a) (6).

[6] The plaintiff sought the creation of a new "mixed income housing development" district.

[7] The plaintiff sought to have the proposed development site reclassified as a mixed income housing development district. See footnote 6 of this opinion.

[8] In the alternative, the plaintiff sought a determination from the wetlands agency that no permit was necessary to carry out its activity.

[9] Section 8-30g (h) permits the resubmission of an affordable housing application with modifications following an initial denial.

appeals had been pending for more than one year, settlements appeared imminent. At that time, the [town] through its legislative body, the town council . . . filed in each case a verified pleading pursuant to . . . § 22a-19 (a) . . . claiming, in essence, that the plaintiff's proposed development would have a negative impact on the environment. The plaintiff filed motions to strike those pleadings, and the [trial] court, in separate memoranda of decision filed May 9, 2003, granted the plaintiff's motions.

"In the case involving the zoning commission, the [trial] court, relying on § 8-1 et seq. and decisions interpreting those statutes, concluded that the town's intervention pleading 'must be stricken because the town council is seeking to interfere in a matter committed exclusively to the [zoning] commission and, therefore, is not entitled to the relief it seeks, viz., to become a party to the appeal.' In the case involving the wetlands agency, the court held similarly, analogizing to cases concerning zoning commissions. The [trial] court did not analyze the scope or effect of § 22a-19 in either decision, but mentioned it only in passing as the authority pursuant to which the town sought intervention." *AvalonBay Communities, Inc.* v. *Zoning Commission,* 87 Conn. App. 537, 539–41, 867 A.2d 37 (2005). Accordingly, the trial court granted the plaintiff's motions to strike the town's petitions to intervene.

The town subsequently appealed to the Appellate Court from both decisions of the trial court granting the plaintiff's motions to strike, claiming that the trial court improperly had struck its intervention petitions because § 22a-19 permits the town's intervention in both appeals and that such intervention is not an improper intrusion into the delegated authority of the zoning commission and the wetlands agency. In a divided opinion, the majority of the Appellate Court reversed the decisions of the trial court, concluding

that § 22a-19 gives the town the right to intervene in both appeals. See id., 541.

While the town's appeals were pending before the Appellate Court, the appeal to the Superior Court from the decision of the zoning commission proceeded to judgment on the merits.[10] On July 23, 2004, the Superior Court, *Bryant, J.*, rendered judgment in favor of the plaintiff on four of the five issues and remanded the case back to the zoning commission for further consideration of the remaining issue. The zoning commission then appealed from the judgment of the trial court to the Appellate Court and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1. That appeal from the judgment on the merits has been stayed pending the disposition of this appeal. Subsequently, on January 11, 2005, the appeal to the Superior Court from the decision of the wetlands agency also proceeded to judgment on the merits. The trial court, *Shortall, J.*, rendered judgment in favor of the plaintiff. The wetlands agency then appealed from that judgment to the Appellate Court. That appeal also has been stayed pending disposition of this appeal.

We granted the plaintiff's petitions for certification to appeal from the Appellate Court, limited to the following issues: (1) "Did the Appellate Court properly conclude that the Stratford town council was entitled to intervene in this appeal to the trial court from the [wetlands agency]?" *AvalonBay Communities, Inc.* v. *Inland Wetlands & Watercourses Agency*, 274 Conn.

---

[10] The Appellate Court thereafter determined that the zoning commission appeal was not moot and that it had subject matter jurisdiction to hear the appeal on the basis of the principle of capable of repetition, yet evading review. See *AvalonBay Communities, Inc.* v. *Zoning Commission*, supra, 87 Conn. App. 541–43; accord *Tappin* v. *Homecomings Financial Network, Inc.*, 265 Conn. 741, 746–48, 830 A.2d 711 (2003). We agree with the Appellate Court that the judgment on the merits did not render the appeal moot.

912, 876 A.2d 1203 (2005); and (2) "Did the Appellate Court properly conclude that the Stratford town council was entitled to intervene in this appeal to the trial court from the [zoning commission]?" *AvalonBay Communities, Inc.* v. *Zoning Commission*, 274 Conn. 911, 876 A.2d 1203 (2005). Subsequently, we consolidated the appeals pursuant to Practice Book § 61-7.

On appeal, the plaintiff claims that although the plain language of § 22a-19 allows a municipality to intervene in any administrative proceeding or judicial review thereof to assert a claim of unreasonable pollution, such an interpretation would conflict with other statutes. Specifically, the plaintiff claims that reading § 22a-19 together with §§ 8-1 and 22a-42 requires us to conclude that the town cannot intervene in the judicial review of decisions of its wetlands agency and zoning commission. In response, the town claims that § 22a-19 is plain and unambiguous and allows for the intervention of the town in the judicial review of decisions of its wetlands agency and zoning commission. We agree with the town.

At the outset, we set forth the applicable standard of review. "The standard of review in an appeal challenging a trial court's granting of a motion to strike is well established. A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court. As a result, our review of the court's ruling is plenary. . . . We take the facts to be those alleged in the [pleading] that has been stricken and we construe the [pleading] in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) *Sullivan* v. *Lake Compounce Theme Park, Inc.*, 277 Conn. 113, 117–18, 889 A.2d 810 (2006).

The question of whether § 22a-19 entitles the town to intervene in the judicial review of decisions of the wetlands agency and the zoning commission presents

a question of statutory interpretation. "The issue before this court involves a question of statutory interpretation that . . . requires our plenary review. . . . When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Citation omitted; internal quotation marks omitted.) *Cogan* v. *Chase Manhattan Auto Financial Corp.*, 276 Conn. 1, 7, 882 A.2d 597 (2005). With these principles in mind, we turn to the text of the statute in question.

Section 22a-19 (a) provides in relevant part that "[i]n *any* administrative, licensing or other proceeding, and in *any* judicial review thereof made available by law . . . *any* political subdivision of the state, *any* instrumentality or agency of the state or of a political subdivision thereof, *any* person, partnership, corporation, association, organization or other legal entity may intervene as a party . . . ." (Emphasis added.) By its terms, § 22a-19 specifically determines both (1) the parties that may intervene and (2) the proceedings into which those parties may intervene. Under both of these prongs, the legislature employed broad and all-inclusive language. With regard specifically to the parties permitted to intervene, the legislature designated an all encompassing list of all possible legal entities: partnerships, corporations, persons, associations, organizations, other legal entities

and political subdivisions of the state and instrumentalities and agencies thereof. In addition, the repeated use in § 22a-19 of the word "any"—e.g., "any administrative, licensing or other proceeding," "any judicial review thereof," "any political subdivision of the state," "any instrumentality or agency of the state or of a political subdivision thereof," "any person, partnership, corporation, association, organization or other legal entity"—indicates an intention to allow the broadest possible range of parties to intervene in an expansive spectrum of proceedings. "Although the word 'any' sometimes may, because of its context, mean 'some' or 'one' rather than 'all,' '[i]ts meaning in a given statute depends on the context and subject matter of the law.' " *Commission on Human Rights & Opportunities* v. *Board of Education*, 270 Conn. 665, 707, 855 A.2d 212 (2004); accord *King* v. *Board of Education*, 203 Conn. 324, 334, 524 A.2d 1131 (1987) (as used, " 'any' means 'all' or 'every' "); see *Commission on Human Rights & Opportunities* v. *Board of Education*, supra, 707 ("[w]e think that [the] repeated use [of 'any'] here in the context of a remedial statute counsels a broad, rather than a narrow, meaning"); see also *McManus* v. *Commissioner of Environmental Protection*, 229 Conn. 654, 663, 642 A.2d 1199 (1994) ("environmental statutes are remedial in nature and should be construed liberally to accomplish their purposes").[11]

---

[11] The dissent contends that § 22a-19 authorizes intervention only for persons or entities that are not already a party to the proceedings. In support of its claim, the dissent cites the statutory language that prescribes who "may intervene *as a party* . . . ." (Emphasis added.) General Statutes § 22a-19 (a). Accordingly, the dissent asserts that because the town is already a party to the action through its zoning commission and wetlands agency, § 22a-19 does not authorize the town, through its town council, to become a party to the proceeding. We disagree. It is well established that a municipal zoning commission or wetlands agency is a separate entity from the town, acting through its town council, as we have in the present case. See *RK Development Corp.* v. *Norwalk*, 156 Conn. 369, 373, 242 A.2d 781 (1968) ("the planning commission is an entity separate in membership and authority from the common council"). Indeed, this court has long considered the town and its zoning commission or wetlands agency different parties to a

The sweeping language of § 22a-19 therefore strongly suggests that the statute allows the intervention of the town into the judicial review of the decisions of the town's zoning commission and wetlands agency. It is undisputed that a municipality is a political subdivision of the state. See, e.g., General Statutes §§ 7-195 (a) (" 'political subdivision' means a city, borough or district within a town") and 28-1 (12) (" '[p]olitical subdivision' means any city, town, municipality, borough or other unit of local government"). It is also undisputed that, under the text of § 22a-19, intervention is allowed in the judicial review of decisions of the wetlands agency and the zoning commission. The town's intervention therefore satisfies both prongs of § 22a-19. Moreover, there is nothing in the language of the statute to suggest that the legislature intended any exception to the right of intervention so strongly established in § 22a-19.

Section 1-2z also requires us to examine the relationship of § 22a-19 to other statutes. "[T]his tenet of statutory construction . . . requires [this court] to read statutes together when they relate to the same subject matter . . . . Accordingly, [i]n determining the mean-

proceeding. See *Rommell* v. *Walsh*, 127 Conn. 16, 21–24, 15 A.2d 6 (1940) (recognizing that municipal board is proper party to appeal taken from its decision and that municipality itself is not required to appear as party defendant in such actions); see also *Tyler* v. *Board of Zoning Appeals*, 145 Conn. 655, 658–59, 145 A.2d 832 (1958) (concluding that although ordinarily zoning board of appeals prosecutes appeal from its decision, "the municipality concerned is always entitled to represent such interests by participating as a party to an appeal"). Moreover, this court has also recognized that "the interests of the municipality in a zoning appeal may not always coincide with those of the zoning board." *Simko* v. *Zoning Board of Appeals*, 206 Conn. 374, 381–82, 538 A.2d 202 (1988), citing *Rommell* v. *Walsh*, supra, 20–24; see also *DeRito* v. *Zoning Board of Appeals*, 18 Conn. App. 99, 103, 556 A.2d 632 (1989) (concluding that town of Middlebury was proper plaintiff in action challenging decision by its zoning board of appeals). Accordingly, the fact that the town's zoning commission and wetlands agency are parties to the action does not prohibit the town from intervening as a party pursuant to § 22a-19.

ing of a statute . . . we look not only at the provision at issue, but also to the broader statutory scheme to ensure the coherency of our construction." (Internal quotation marks omitted.) *Board of Education* v. *State Board of Education*, 278 Conn. 326, 333, 898 A.2d 170 (2006). This examination confirms our initial understanding of the plain meaning of § 22a-19.

We begin by noting that § 22a-19 was enacted by the legislature as part of the Environmental Protection Act of 1971 (act).[12] The act specifically states that its purpose is to "provide *all persons* with an adequate remedy to protect the air, water and other natural resources from unreasonable pollution, impairment or destruction." (Emphasis added.) General Statutes § 22a-15. This court previously has concluded that the act "expands the class of plaintiffs who are empowered to institute proceedings to vindicate the public interest." *Manchester Environmental Coalition* v. *Stockton*, 184 Conn. 51, 55–56, 441 A.2d 68 (1981), overruled in part on other grounds by *Waterbury* v. *Washington*, 260 Conn. 506, 556, 800 A.2d 1102 (2002). "Traditionally, citizens seeking to protect the environment were required to show specific, personal aggrievement to attain standing to bring a legal action. . . . The [act] . . . however, waives the aggrievement requirement in two circumstances. First, any private party, including a municipality, without first having to establish aggrievement, may seek injunctive relief in court for the protection of the public trust in the air, water and other natural resources of the state from unreasonable pollution, impairment or destruction . . . . General Statutes § 22a-16. Second, *any person or other entity*, without first having to establish aggrievement, may intervene in *any* administrative proceeding challenging conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or

---

[12] The act is codified at General Statutes §§ 22a-14 through 22a-20.

destroying the public trust in the air, water or other natural resources of the state. General Statutes § 22a-19 (a)." (Citation omitted; emphasis added; internal quotation marks omitted.) *Lewis* v. *Planning & Zoning Commission*, 275 Conn. 383, 391–92, 880 A.2d 865 (2005).

We also must consider the relationship of § 22a-19 to statutes other than the provisions of the act. "[T]he General Assembly is always presumed to know all the existing statutes and the effect that its action or non-action will have upon any one of them. . . . This principle is in accord with the directive of § 1-2z to consider a statute in relationship to other statutes on the same subject matter in order to determine whether its meaning is plain and unambiguous." (Internal quotation marks omitted.) *Board of Education* v. *State Board of Education*, supra, 278 Conn. 333–34. Accordingly, we must presume that when the legislature enacted § 22a-19 in 1971, it was aware of § 8-1,[13] which had been enacted in 1949, and other similar statutes authorizing a municipality to delegate exclusive authority over certain governing functions to local commissions.[14] See, e.g., General Statutes §§ 7-131a (enacted in 1961, authorizing municipalities to establish conservation commissions) and 7-246a (enacted in 1949, authorizing municipalities to establish water pollution control authorities). Despite its awareness of these other statutes, however, the legislature nevertheless established in § 22a-19 broad rights of intervention for political subdivisions and did not limit in any way the types of proceedings into which these municipalities could intervene. If the legislature had intended to limit the intervention of municipalities, it knew how to enact such

[13] See footnote 3 of this opinion.

[14] Section 22a-19 predates the 1972 enactment of § 22a-42. Section 8-1 and other statutes authorizing the establishment of similar commissions, however, were in effect at the time the legislature enacted § 22a-19.

limitations. See *Stitzer* v. *Rinaldi's Restaurant*, 211 Conn. 116, 119, 557 A.2d 1256 (1989) (legislature knows how to use limiting terms when it chooses to do so); *Monaco* v. *Turbomotive, Inc.*, 68 Conn. App. 61, 67, 789 A.2d 1099 (2002) (legislature knows how to draft legislation consistent with its intent).

The final step in our analysis of whether the meaning of § 22a-19 is plain and unambiguous is to determine whether the plain meaning of the statute would yield absurd or unworkable results. The plaintiff claims that the plain meaning of the statute would create absurd and unworkable results. Specifically, the plaintiff contends that allowing the town to intervene in these appeals permits the town to interfere improperly with the authority of the wetlands agency and the zoning commission, and that the result is unworkable or absurd.[15] We disagree.

The following additional facts are pertinent to the resolution of this issue. In its memoranda of decision granting the motions to strike the intervention applications, the trial court noted that at oral argument in the trial court, the town "admitted that its effort to intervene was prompted by concerns it has as to a potential settlement of this litigation between the agency and the developer and the town council's desire to preclude a settlement it may not believe is in the town's best interests." The trial court concluded that because the town, if permitted to intervene, would need to agree to any settlement, the town would have veto power over a settlement even though the wetlands agency was satisfied with the resolution of the appeal. The Appellate

---

[15] The plaintiff also claims that the town's intervention would interfere with the role of the wetlands agency as an agent of the commissioner of environmental protection pursuant to § 22a-42. In light of our conclusion that the town's intervention pursuant to § 22a-19 does not conflict with the authority delegated to the wetlands agency under § 22a-42, we need not address this claim.

Court similarly found that this situation was "to some degree unworkable and at least arguably absurd." *AvalonBay Communities, Inc.* v. *Zoning Commission*, supra, 87 Conn. App. 545.

We conclude that the situation in the present case is neither unworkable nor absurd in light of the purpose of the act, which is "to provide all persons with an adequate remedy to protect the air, water and other natural resources from unreasonable pollution, impairment or destruction." General Statutes § 22a-15. The right to intervene under § 22a-19 provides the town with the right to participate in negotiations for a settlement or to participate in the appeal proceeding on the merits for the limited purpose of protecting the natural resources of this state from unreasonable pollution. The legislature reasonably could have intended just such a result to ensure that our state environmental interests were protected from any unreasonable adverse consequences, from either settlement or a final resolution of the appeals.

On the basis of the foregoing analysis, we conclude that the plain and unambiguous language of § 22a-19 provides the town with the right to intervene for environmental protection purposes in the judicial review of the decisions of its wetlands agency and its zoning commission. We therefore will not consider extratextual evidence of the meaning of the statute.

The plaintiff nevertheless claims that this court previously has held that a town cannot interfere with the authority delegated to its zoning commission and that the intervention sought by the town in the present case similarly interferes with the town's delegation of authority to the wetlands agency and the zoning commission.[16] As support, the plaintiff and the dissenting opinion rely

[16] The plaintiff claims that these cases also support its claim that the town's intervention interferes with the authority of the wetlands agency.

on the following cases: *Olson* v. *Avon*, 143 Conn. 448, 452, 123 A.2d 279 (1956) (provision requiring approval by town meeting of any amendment of zoning regulations violated delegation of powers to zoning commission); *State ex rel. Bezzini* v. *Hines*, 133 Conn. 592, 596, 53 A.2d 299 (1947) (regulations made by zoning commission could not be amended or repealed at town meeting); *Poulos* v. *Caparrelli*, 25 Conn. Sup. 370, 372, 205 A.2d 382 (1964) (provision in town charter requiring that any action taken by zoning commission enacting, amending or repealing any building or zoning regulations or ordinances, or changing zoning map be submitted to town council violated authority delegated to the zoning commission). These cases, however, are inapposite to the present case.

First, these cases all predate the 1971 enactment of the act. Therefore, none of these cases takes into account the statutory scheme for environmental intervention expressly provided in the act. Second, each of the cases cited by the plaintiff involved the municipality's participation in the making, amending or repealing of regulations by a municipal commission. In concluding that the municipality's actions improperly interfered with the exclusive authority of the zoning commissions, these decisions rested on the fact that "it was the intent of the General Assembly to vest in a zoning commission the sole authority to make, amend or repeal regulations . . . ." *Olson* v. *Avon*, supra, 143 Conn. 452. In the present case, the town's intervention will not have any impact upon the making, amending or repealing of any zoning commission or wetlands agency regulations. To the contrary, in the present case, the town seeks to intervene in order to bring environmental issues related to this specific application to the attention of the court. Indeed, the town's role as intervenor will be "strictly limited to the raising of environmental issues." *Connecticut Water Co.* v. *Beausoleil*, 204 Conn. 38, 45, 526

A.2d 1329 (1987). Accordingly, we conclude that such intervention would not improperly interfere with the exclusive authority of the zoning commission or the wetlands agency.[17]

We similarly are not persuaded by the plaintiff's claim that if the town were to intervene, it would obtain the ability to reject a settlement proposal improperly, thereby interfering with the authority of the zoning commission and the wetlands agency. It is undisputed that the Superior Court has the power to hear and decide appeals from both the zoning commission and the wetlands agency and that any settlement agreement would have to be approved by the trial court. General Statutes

---

[17] The dissent claims that *Olson* v. *Avon*, supra, 143 Conn. 452, and *State ex rel. Bezzini* v. *Hines*, supra, 133 Conn. 592, support its position that the town should not be allowed to intervene pursuant to § 22a-19 in this case because the effect of the town council's intervention in this case "essentially is the same as if it legislatively had overridden the defendant agencies' decision to grant the applications . . . ." We disagree. *Olson* and *State ex rel. Bezzini* cannot be read this broadly. In those cases, the municipal legislative bodies sought to override directly certain regulations adopted by the zoning commissions to which they had delegated the authority to make such regulations. See *Olson* v. *Avon*, supra, 452–53 (provision required approval by town meeting of any amendment of zoning regulations); *State ex rel. Bezzini* v. *Hines*, supra, 596–97 (town meeting sought to amend or repeal regulations made by zoning commission). In the present case, the town does not seek to override any decision by the zoning commission or the wetlands agency, but seeks to intervene in a judicial review proceeding brought by the plaintiff challenging the denial of its applications by the zoning commission and the wetlands agency. Furthermore, unlike the actions of the towns in *Olson* and *State ex rel. Bezzini*, the legislature specifically has provided for the intervention that the town seeks in the present case.

The dissent contends that the fact that the town's intervention was prompted by concerns it had as to a potential settlement of this litigation somehow makes its intervention akin to overriding legislatively a decision by an agency and, therefore, an improper intervention under § 22a-19. The plaintiff and the dissent, however, have failed to point to any authority that requires the court to examine the motivation behind the intervenor's request in determining whether intervention is appropriate under § 22a-19. We cannot, as the dissent urges, ignore the explicit language of § 22a-19 and deny the town the right to intervene under § 22a-19 simply because its position may be in opposition to one or more of its agencies.

§§ 8-8 and 22a-43. The town's intervention would not alter the court's authority, as the court would retain the decision-making authority in the appeals.[18] The fact that as an intervenor, the town would have to agree to any settlement between the parties and effectively could block any such voluntary settlement by not agreeing is no reason to deny the town's intervention under § 22a-19. Indeed, any party that intervenes under § 22a-19 has the same power to block a voluntary settlement. See General Statutes §§ 8-8 and 22a-42; see also *Ralto Developers, Inc.* v. *Environmental Impact Commission*, 220 Conn. 54, 60, 594 A.2d 981 (1991) (recognizing that settlement of land use appeal requires agreement of all parties to appeal). Nevertheless, § 22a-19 allows for such intervention and we "cannot rewrite a statute to accomplish a particular result." (Internal quotation marks omitted.) *Leo Fedus & Sons Construction Co.* v. *Zoning Board of Appeals*, 225 Conn. 432, 441–42, 623 A.2d 1007 (1993).

"Furthermore, [i]t is a basic tenet of statutory construction that the legislature [does] not intend to enact meaningless provisions. . . . [I]n construing statutes, we presume that there is a purpose behind every sentence, clause, or phrase used in an act and that no part of a statute is superfluous." (Internal quotation marks omitted.) *Board of Education* v. *State Board of Education*, supra, 278 Conn. 335. The interpretation of § 22a-

---

[18] We note that the plaintiff also makes several claims based on the premise that the town's intervention improperly would enable it to become the decision maker in the appeal, including that such intervention would allow a decision to be made by a party who did not hear the application or the evidence; that it would allow a decision to be made by a party who had not received training in land use matters; that it would allow the decision to be made by the equivalent of a referendum; and that it would undermine the general settlement process and the land use mediation process. These claims are without merit. As an intervenor under § 22a-19, the town would not become the decision maker in these appeals. Consistent with §§ 8-8 and 22a-42, the Superior Court at all times retains the decision-making authority in these appeals.

19 urged by the plaintiff would render some of the statute's language meaningless, namely, it would not allow "*any* political subdivision" to intervene in "*any* administrative, licensing or other proceeding, and in *any* judicial review thereof . . . ." (Emphasis added.) General Statutes § 22a-19 (a). To the contrary, interpreting § 22a-19 to prohibit the intervention of the town in the judicial review of these appeals would vitiate the broad powers of intervention created by § 22a-19.

The plaintiff also claims that allowing the town's intervention in these appeals would conflict with this court's decision in *Nizzardo* v. *State Traffic Commission*, 259 Conn. 131, 788 A.2d 1158 (2002), by eliminating the jurisdictional lines of the zoning commission and the wetlands agency. We disagree. In *Nizzardo*, we concluded that "the issues appropriately raised by intervention pursuant to § 22a-19 are limited to those within the jurisdiction of the particular agency." Id., 159. In the present case, in its intervention petitions, the town raised a number of environmental issues that are within the respective jurisdiction of either the zoning commission or the wetlands agency. Accordingly, we conclude that allowing the town to intervene in the appeals and to raise those environmental issues that are within the scope of the agency involved in the appeal is consistent with our determination in *Nizzardo*.

The plaintiff finally claims that allowing the town to intervene pursuant to § 22a-19 allows it to improperly circumvent "ordinary civil case intervention requirements."[19] We disagree because this court has not con-

---

[19] The plaintiff cites *State Board of Education* v. *Waterbury*, 21 Conn. App. 67, 72, 571 A.2d 148 (1990) for the "ordinary civil case intervention requirements," including (1) the timeliness of the intervention; (2) the intervenor's interest in the controversy; (3) the adequacy of the representation of those interests by those already parties to the action; (4) the delay and prejudice that would result from the intervention; and (5) the value of the intervention in resolving the issues before the court. That case, however, involved an intervention pursuant to Practice Book § 99, now § 9-18, not an intervention pursuant to § 22a-19. See id., 69–70.

cluded that ordinary civil intervention requirements apply to intervenors pursuant to § 22a-19. The town has met all the requirements for intervention pursuant to § 22a-19 and applicable case law by filing verified pleadings asserting that the conduct involved in these appeals "has, or . . . is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state"; General Statutes § 22a-19 (a); and by raising environmental issues within the jurisdiction of each agency. Section 22a-19 does not impose any additional requirements on the town.

The judgment of the Appellate Court is affirmed.

In this opinion BORDEN and NORCOTT, Js., concurred.

KATZ, J., with whom, ZARELLA, J., joins, dissenting. The majority concludes that the town council for the town of Stratford (town), acting on behalf of the town, is permitted to intervene as of right under General Statutes § 22a-19[1] in the appeals of the plaintiff, AvalonBay

---

[1] General Statutes § 22a-19 provides: "(a) In any administrative, licensing or other proceeding, and in any judicial review thereof made available by law, the Attorney General, any political subdivision of the state, any instrumentality or agency of the state or of a political subdivision thereof, any person, partnership, corporation, association, organization or other legal entity may intervene as a party on the filing of a verified pleading asserting that the proceeding or action for judicial review involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state.

"(b) In any administrative, licensing or other proceeding, the agency shall consider the alleged unreasonable pollution, impairment or destruction of the public trust in the air, water or other natural resources of the state and no conduct shall be authorized or approved which does, or is reasonably likely to, have such effect so long as, considering all relevant surrounding circumstances and factors, there is a feasible and prudent alternative consistent with the reasonable requirements of the public health, safety and welfare."

Communities, Inc., from the decisions of the defendant town agencies, the inland wetlands and watercourses agency of the town of Stratford (wetlands agency) and the zoning commission of the town of Stratford (zoning commission).[2] I recognize that a "town . . . is a political subdivision of the state"; *Bridgeport* v. *Agostinelli*, 163 Conn. 537, 550, 316 A.2d 371 (1972); and, accordingly, as a general matter, a town council would fall within those persons or entities authorized to intervene in an appeal from an administrative proceeding to raise a claim that conduct is implicated, "which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state." General Statutes § 22a-19 (a). Under the posture of the present case, however, the town council seeks to intervene to prevent the defendant agencies, which have been vested with exclusive authority under General Statutes §§ 8-1 and 22a-42 to render decisions on permit applications, from entering into a settlement on the plaintiff's permit applications. Therefore, I would conclude that the legislature did not intend to authorize a town's legislative body to intervene in a proceeding when the town already is participating as a party to the appeal through the agencies to which the town has delegated its authority to render decisions as to the matters at issue. Accordingly, I respectfully dissent.

In the present case, the plaintiff filed applications with the zoning commission for an amendment to the zoning regulations, a zoning change and site plan approval to develop affordable housing, within the meaning of General Statutes § 8-30g. Because a portion of the property to be developed is classified as wetlands, the plaintiff also applied to the wetlands agency for a wetlands permit. After public hearings, at which the

---

[2] Joint references to the zoning commission and the wetlands agency, where convenient, are to the "defendant agencies."

town council participated by presenting evidence to the defendant agencies in opposition to the plaintiff's proposed development, the defendant agencies rendered decisions denying the plaintiff's applications. The plaintiff appealed from the decisions, and settlement discussions ensued.

In rendering their decisions, it is clear and undisputed that the defendant agencies were acting pursuant to authority exclusively vested in them by the town under § 8-1 and § 22a-42. See General Statutes § 8-1 (a) (authorizing municipality to "exercise through a zoning commission the powers granted [under chapter 124 of the General Statutes]"); General Statutes § 22a-42 (c) (providing that wetlands agency "shall serve as the sole agent for the licensing of regulated activities"). Similarly, the defendant agencies were acting pursuant to authority exclusively vested in them to negotiate a settlement agreement that ultimately could result in the issuance of the permits after the appeals had been filed. See General Statutes §§ 8-8 (n) and 22a-43 (d). Significantly, in the exercise of the authority granted by the town to them, the defendant agencies were charged with rendering decisions on these applications in accordance with the public interest, including any environmental concerns within the respective agency's jurisdiction. See *Nizzardo* v. *State Traffic Commission*, 259 Conn. 131, 148, 788 A.2d 1158 (2002). Specifically, in rendering its decision, the zoning commission was required to consider, inter alia, the effect of its decision on public safety, health and general welfare, as well as the town's conservation and development plan. See General Statutes §§ 8-2 (a) and 8-30g (g) (1). The wetlands agency's sole focus essentially was to consider the environmental impact of the proposed action before it. See General Statutes § 22a-42a (d) (requiring that, when agency renders decision on permit, it must consider factors under General Statutes

§ 22a-41, which include "[1] [t]he environmental impact of the proposed regulated activity on wetlands or watercourses . . . [and] [2] [t]he applicant's purpose for, and any feasible and prudent alternatives to, the proposed regulated activity which alternatives would cause less or no environmental impact to wetlands or watercourses").

In the present case, the town council sought to intervene, according to an undisputed finding of fact by the trial court, for the purpose of preventing a settlement, presumably under which the defendant agencies would have agreed to grant permit applications. Thus, as the Appellate Court properly recognized, the question is whether the town's legislative body may intervene when "it amounts to the town's taking a position before the court that is in opposition to the positions advocated by *the town's proxies*, the zoning commission and [the] wetlands agency"; (emphasis added) *AvalonBay Communities, Inc.* v. *Zoning Commission*, 87 Conn. App. 537, 546, 867 A.2d 37 (2005); and "a possible effect of that invocation is to interfere with the town's delegation of powers to its zoning commission and [wetlands agency] under . . . § 8-1 et seq. and the Inland Wetlands and Watercourses Act, General Statutes §§ 22a-28 through 22a-45, respectively." *AvalonBay Communities, Inc.* v. *Zoning Commission*, supra, 539. In my view, the answer is no.

This court has held that it violates the legislative intent expressed in § 8-1 to allow a town's legislative body to override a zoning commission's duly enacted regulation when such authority expressly and exclusively has been delegated to the zoning commission. See *State ex rel. Bezzini* v. *Hines*, 133 Conn. 592, 596, 53 A.2d 299 (1947) (addressing predecessor statute to § 8-1). Indeed, as long as such authority has been vested in the zoning commission, neither the town's legislative body nor the zoning commission can authorize the

town's legislative body to exercise that power that has been vested exclusively with the zoning commission. See *Olson* v. *Avon*, 143 Conn. 448, 452–56, 123 A.2d 279 (1956) (holding invalid regulation providing that zoning regulations could not be amended, repealed or changed unless approved by majority at town council meeting). This court previously has explained: "The [enabling act] gave to the zoning commission the power to make zoning regulations and to amend, change or repeal them from time to time, and prescribed certain limitations and procedures to be followed in taking such action; and such provisions have been ever since and still are contained in the zoning statutes. A reading of them leaves no doubt that it was the intent of the General Assembly to vest in a zoning commission the sole authority to make, amend or repeal regulations; and for that purpose the zoning commission became the legislative agency of the municipality. To admit that a town meeting could amend or repeal regulations duly made by the [zoning] commission would be to recognize in it a power directly at variance with the legislative intent." *State ex rel. Bezzini* v. *Hines*, supra, 596; accord *Olson* v. *Avon*, supra, 456 (A town zoning regulation requiring approval of changes in zoning regulations and zone boundaries by town meeting "is contrary to the [G]eneral [S]tatutes relating to zoning, which give the power to decide such matters to the zoning commission exclusively. . . . It follows that the town meeting had no power to override the change of zone for the plaintiffs' properties enacted by the zoning commission.").

Although this court has not had the occasion to consider whether a town's legislative body may override decisions by a zoning or wetlands agency on specific permit applications, the rationale in *Olson* and *State ex rel. Bezzini* would apply with equal force to such decisions. Had, for example, the town council instead voted to reverse the defendant agencies' decisions to

deny the plaintiff's applications, such action clearly would be violative of the same principles precluding the town council from vetoing a zoning commission regulation. This authority was delegated to the defendant agencies, and it would violate that delegation of authority to allow the town council to interfere with the agencies' exercise of that authority. Given that prohibition, the issue is whether it similarly would contravene legislative intent to allow the town council to intervene for the purpose of preventing a settlement under which the defendant agencies would have agreed to grant the plaintiff's applications. In other words, because the effect of the town council's action essentially is the same as if it legislatively had overridden the defendant agencies' decision to grant the applications, the question is whether the legislature intended to allow the town council to accomplish indirectly, pursuant to § 22a-19, what it would not be permitted to accomplish directly. In my view, the legislature could not have intended such an anomalous result.

I disagree with the majority that, because *Olson* and *State ex rel. Bezzini* predate the passage of the Environmental Protection Act of 1971 (act), of which § 22a-19 is one part, those cases do not bear on legislative intent when construing § 22a-19 in light of the delegation of authority under §§ 8-1 and 22a-42. Given the unprecedented posture of this case and the countless other hypothetical circumstances wherein any one of numerous political subdivisions of the state could intervene in an administrative appeal without implicating the delegation issue discussed in *Olson* and *State ex rel. Bezzini*, I surmise that the legislature did not envision the problem presently before us when drafting the act. Indeed, these countless other circumstances under which such intervention would be proper indicate that the plaintiff's construction would not render portions of the statute superfluous, as the majority suggests. To

the contrary, such a construction may be precisely what the legislature intended, despite its authorization for intervention by "any political subdivision of the state . . . ." General Statutes § 22a-19 (a); see *Commission on Human Rights & Opportunities* v. *Board of Education*, 270 Conn. 665, 707, 855 A.2d 212 (2004) ("[a]lthough the word 'any' sometimes may, because of its context, mean 'some' or 'one' rather than 'all,' '[i]ts meaning in a given statute depends on the context and subject matter of the law' "); *Duguay* v. *Hopkins*, 191 Conn. 222, 229, 464 A.2d 45 (1983) ("[t]he word 'any,' as used in statutes, has a diversity of meanings"). Indeed, by reading a limitation into § 22a-19 as to preclude a town council from intervening in proceedings when the town's agencies are charged with exclusive jurisdiction of the matters at issue, we harmonize the zoning and wetlands statutes, as construed under *Olson* and *State ex rel. Bezzini*, with § 22a-19. See *Nizzardo* v. *State Traffic Commission*, supra, 259 Conn. 157 ("[i]f a court can by any fair interpretation find a reasonable field of operation for two allegedly inconsistent statutes, without destroying or preventing their evident meaning and intent, it is the duty of the court to do so" [internal quotation marks omitted]).

I also disagree with the majority that these delegation principles are not violated because, in its view, the trial court retains the decision-making authority in the appeal. First and foremost, this conclusion overlooks the crucial fact that the town council's interference with the delegation of authority to the defendant agencies occurs at the point that it blocks the agencies' effort to reach settlement. As a result, any possible settlement agreement never reaches the trial court for approval. Second, this characterization of the trial court as decision maker overstates the court's role in approving a settlement or a joint stipulated judgment. We have explained that, "[a] stipulated judgment is not a judicial

determination of any litigated right. . . . It may be defined as a contract of the parties acknowledged in open court and ordered to be recorded by a court of competent jurisdiction. . . . The essence of the judgment is that the parties to the litigation have voluntarily entered into an agreement setting their dispute or disputes at rest and that, upon this agreement, the court has entered judgment conforming to the terms of the agreement." (Internal quotation marks omitted.) *Rocque* v. *Northeast Utilities Service Co.*, 254 Conn. 78, 83, 755 A.2d 196 (2000). Although we have stated that, "[i]n approving a settlement affecting the public interest . . . a trial court must be satisfied of the fairness of the settlement"; (internal quotation marks omitted) id.; the court's limited role under such circumstances would allow it to reject an unfair settlement, but the parties would retain authority to renegotiate a settlement that addresses the court's concerns. It is immaterial that another intervenor could block a settlement, because that intervenor's status does not implicate the legislature's intent to delegate the *town's* zoning and wetlands authority to the respective agencies under §§ 8-1 and 22a-42.

Moreover, § 22a-19 authorizes intervention only for persons or entities that are not already a party to the proceedings. See General Statutes § 22a-19 (a) (listing persons and entities who "may intervene *as a party*" [emphasis added]); see also Black's Law Dictionary (6th Ed. 1990) (defining intervention as "[t]he procedure by which a third party, not originally a party to the suit, but claiming an interest in the subject matter, comes into the case, in order to protect his right or interpose his claim"). The fact that the town already is participating in the appeal through its zoning commission and wetlands agency raises a question as to whether the statute actually would permit another proxy for the

town to represent it in the same proceeding.[3] Indeed, because the town council intervened for the purpose of taking a position in opposition to the defendant agencies, it is akin to a situation involving a principal and an agent, or two agents of the same principal, participating in a settlement and taking diametrically opposed positions. I question whether such a result was intended by the legislature.

Nonetheless, even if we were to assume that § 22a-19 would, on its face, permit intervention, we have eschewed a mechanical construction of § 22a-19 when doing so would conflict with other statutes or legal principles. See *Nizzardo* v. *State Traffic Commission*, supra, 259 Conn. 149–50 (rejecting plaintiff's "plain language" construction of § 22a-19 [a] as allowing any party to intervene in administrative proceeding to raise environmental issues, regardless of whether that agency has jurisdictional authority over those environmental issues, and instead agreeing with defendants' claim that it is necessary to read § 22a-19 [a] in conjunction with legislation that defines authority of administrative agency conducting proceedings into which party seeks to intervene); see also *Fort Trumbull Conservancy, LLC* v. *Planning & Zoning Commission*, 266 Conn. 338, 360–61, 832 A.2d 611 (2003) (noting that, "[a]lthough § 22a-19 [a] on its face is extremely broad regarding the parties who may intervene, the types of matters into which they can intervene, and the scope of the environmental issues that they may raise," it must be construed strictly because statute is in derogation of common-law intervention). In my view, the town council's intervention would conflict with the legisla-

---

[3] Indeed, given the town's participation in the proceedings through the defendant agencies, I do not view § 22a-19 as having a plain meaning on the issue of whether the town council may intervene on the town's behalf. The language of § 22a-19 (a) prescribing who "may intervene as a party" creates an ambiguity as to whether it authorizes the intervention of a person or entity that already is a party to the proceeding.

ture's intent that zoning commissions and wetlands agencies have exclusive authority to act on the town's behalf with respect to matters committed to their exclusive jurisdiction.

Indeed, the improper conflict created by allowing such intervention is brought into especially sharp relief when considering the plaintiff's appeal from the wetlands agency's decision. The legislature has designated the wetlands agency to be the town's sole decision maker on whether to issue a permit to conduct activities in a protected area, and has required such a decision to be based entirely on environmental concerns, including both the short-term and long-term environmental impact of the activity, as well as whether measures can be taken that will prevent or minimize pollution or other environmental damage. See General Statutes §§ 22a-41 and 22a-42a (d). In other words, the wetlands agency is mandated to consider the precise issue that a particular environmental intervenor raises. To allow the town council then to intervene on behalf of the town to prevent a settlement under which the town's own agency has determined that the environment adequately will be protected if it issues a permit must be deemed inconsistent with the legislature's intent that the wetlands agency be the sole agent for the town to make such a decision. Moreover, nothing is lost in terms of environmental protection by construing § 22a-19 to preclude a town's legislative body from intervening in an appeal from a decision of that town's administrative agency. Town citizens who have voiced concerns to the town legislators could intervene themselves, or the legislators could intervene in their individual capacities, rather than in their official capacity for the town.

Therefore, I would conclude that the Appellate Court improperly determined that the trial court improperly denied the town council's petition to intervene under § 22a-19. Accordingly, I respectfully dissent.