## DENNIS MCCOY v. CITY OF NEW HAVEN ET AL.
### (AC 25995)

Lavery, C. J., and Harper and Foti, Js.

Submitted on briefs September 21—officially released December 13, 2005

*Patricia A. Cofrancesco* filed a brief for the appellant (plaintiff).

*Jonathan H. Beamon,* assistant corporation counsel, filed a brief for the appellee (named defendant).

*Opinion*

LAVERY, C. J. The plaintiff, Dennis McCoy, appeals from the partial judgment of the trial court in favor of the defendant city of New Haven (city).[1] The plaintiff contends that the court (1) improperly concluded that the city is immune from liability for the intentional acts committed by Henry Frazier and (2) applied an incorrect standard in ruling on the city's motion to strike. We affirm the judgment of the trial court.

This appeal involves injuries sustained by the plaintiff during the course of his employment with the city. The plaintiff's amended complaint alleged that on July 4, 2002, the plaintiff was assaulted by Frazier, a coemployee. The complaint consisted of two counts, the first of which alleged common-law assault against Frazier. The second count alleged that, as the city "affirmatively condoned and thereby positively fostered . . . assaultive conduct by Mr. Frazier against his co-workers," the city either intended or was substantially certain that the plaintiff's injuries would occur.

On September 4, 2003, the city filed a motion to strike the second count of the plaintiff's complaint. The motion to strike alleged that the city was immune from liability for the intentional acts committed by its employees under General Statutes § 52-557n (a) (2) (A). By memorandum of decision filed February 13, 2004, the court agreed, concluding that the plaintiff had "failed to establish or allege that the [city] . . . intentionally created a dangerous condition that made the injuries he sustained substantially certain to occur so as to allow him to proceed in an action directly against his employer. . . . [T]he [city] is immune from liability for the intentional acts committed by . . . Frazier."

---

[1] The other defendant in the action, Henry Frazier, is not a party to this appeal. Because the partial judgment disposed of all causes of action against the city, it is an appealable final judgment. Practice Book § 61-3.

Accordingly, the court granted the motion to strike and rendered partial judgment in favor of the city. From that judgment, the plaintiff now appeals.

I

The plaintiff claims that the court improperly concluded that the city is immune from liability for the intentional acts committed by Frazier and, thus, should not have granted the motion to strike. We disagree.

A motion to strike attacks the sufficiency of the pleadings. *Egri* v. *Foisie*, 83 Conn. App. 243, 247, 848 A.2d 1266, cert. denied, 271 Conn. 931, 859 A.2d 930 (2004); Practice Book § 10-39. Our review of the court's ruling on a motion to strike is plenary. *St. Denis* v. *de Toledo*, 90 Conn. App. 690, 694, 879 A.2d 503, cert. denied, 276 Conn. 907, 884 A.2d 1028 (2005). "We take the facts to be those alleged in the complaint that has been stricken and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . [I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) *Doe* v. *Yale University*, 252 Conn. 641, 667, 748 A.2d 834 (2000). While pleadings must be construed broadly and realistically, rather than narrowly and technically; see *Gazo* v. *Stamford*, 255 Conn. 245, 260, 765 A.2d 505 (2001); a motion to strike "is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." *Novametrix Medical Systems, Inc.* v. *BOC Group, Inc.*, 224 Conn. 210, 215, 618 A.2d 25 (1992).

The city's motion to strike was premised on § 52-557n (a) (2) (A), which provides: "Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by . . . [a]cts or omissions of any employee, officer or agent which constitute criminal conduct, fraud, actual

malice or wilful misconduct . . . ." In *Pane* v. *Danbury*, 267 Conn. 669, 685–86, 841 A.2d 684 (2004), our Supreme Court held that the defendant city could not be liable for intentional torts committed by its employees under § 52-557n (a) (2) (A). See *Miner* v. *Cheshire*, 126 F. Sup. 2d 184, 194 (D. Conn. 2000).

Given the allegations in the plaintiff's complaint, there is no dispute that the city is a political subdivision. The complaint also alleged that Frazier committed an intentional tort. Because the municipal status of the city is undisputed, and the protection of § 52-557n (a) (2) (A) is available to a municipal defendant "[e]xcept as otherwise provided by law," the court correctly concluded that the complaint failed to state a legally sufficient cause of action against the city unless the city's immunity has been abrogated by statute.

The plaintiff argues that the present case involves an exception to § 52-557n (a) (2) (A). He claims that the Workers' Compensation Act; General Statutes § 31-275 et seq.; provides an exception to the city's general immunity under § 52-557n (a) (2) (A) for injured employees and that an exception to the exclusive remedy provision; General Statutes § 31-284 (a); of the Workers' Compensation Act authorizes a direct action against the city.

In *Suarez* v. *Dickmont Plastics Corp.*, 242 Conn. 255, 698 A.2d 838 (1997), our Supreme Court recognized "a narrow exception to the exclusivity provision for intentional torts." *DeOliveira* v. *Liberty Mutual Ins. Co.*, 273 Conn. 487, 506, 870 A.2d 1066 (2005). Under the *Suarez* exception, a plaintiff employee can establish an intentional tort claim by proving either that the employer actually intended to injure the plaintiff or that the employer intentionally created a dangerous condition that made the plaintiff's injuries substantially certain to occur. *Suarez* v. *Dickmont Plastics Corp.*,

supra, 257–58. The "substantial certainty test" permits a plaintiff "to maintain a cause of action against an employer where the evidence is sufficient to support an inference that the employer deliberately instructed an employee to injure himself." (Internal quotation marks omitted.) *Sorban* v. *Sterling Engineering Corp.*, 79 Conn. App. 444, 450, 830 A.2d 372, cert. denied, 266 Conn. 925, 835 A.2d 473 (2003).

The plaintiff's complaint, however, lacks the requisite factual basis for his claim that the *Suarez* exception applies. Although it alleges in conclusory fashion that the exception applies, the complaint contains no allegations that the city intended to injure the plaintiff or that the city directed or authorized Frazier to injure the plaintiff.[2]

What the plaintiff's complaint does allege is that the city condoned Frazier's conduct. In *Jett* v. *Dunlap*, 179 Conn. 215, 425 A.2d 1263 (1979), our Supreme Court considered whether an employer could be subject to common-law tort liability for a battery that a supervisory employee committed on a coemployee. The court explained that "[i]f the assailant can be identified as the alter ego of the corporation, or the corporation has

---

[2] Beyond incorporating the allegations of assault contained in count one, count two of the complaint alleged: "4. Prior to July 4, 2002, the [city] (acting by and through the agents, servants, and/or employees of the Department of Parks, Recreation & Trees), affirmatively condoned and thereby positively fostered a similar pattern of abusive/assaultive conduct by Mr. Frazier against his co-workers and supervisors. 5. By affirmatively condoning (and thereby positively fostering) said similar pattern of abusive/assaultive conduct of the defendant Frazier against his co-workers and supervisors, the [city] (acting by and through the agents, servants, and/or employees of the Department of Parks, Recreation & Trees) [a] intended that Mr. Frazier would continue to engage in such conduct, unabated, and that the plaintiff, as his co-worker, would be injured, and/or [b] engaged in willful or serious misconduct which created a danger to the plaintiff in that Mr. Frazier was permitted to continue to engage in such conduct, unabated, such that they would have known that the plaintiff's assault and resultant injuries were substantially certain to occur."

directed or authorized the assault, then the corporation may be liable in common-law tort; if the assailant is only another employee who cannot be so identified, then the strict liability remedies provided by the Work[ers'] Compensation Act are exclusive and cannot be supplemented with common-law damages." *Jett* v. *Dunlap*, supra, 219. The court noted in *Jett* that the pleadings did not allege that the employer directed or authorized the assault; rather, they merely alleged that the acts of the supervisor were condoned by the employer. Id., 219–20. Such countenance was insufficient, the court concluded, to constitute an intentional tort. It stated: "Although we assume this pleading to be true, such condoning is not an intentional tort on the part of the employer and does not relate back to make it such." Id., 220. That conclusion informs our consideration in the present case. Absent allegations that the city in the present case directed or authorized the assault, the *Suarez* exception does not apply. Accordingly, the court properly granted the motion to strike.

## II

The plaintiff also alleges that the court applied an incorrect standard in ruling on the motion to strike. Specifically, he claims that the court impermissibly made factual determinations. His claim has little merit. In its memorandum of decision, the court evaluated the pleadings to determine whether the *Suarez* exception applied. The court properly considered not only the facts contained in the pleadings, but also those facts necessarily implied from the allegations. See *Commissioner of Labor* v. *C.J.M. Services, Inc.*, 268 Conn. 283, 292, 842 A.2d 1124 (2004). On our careful review of the record before us, we cannot say that the court applied an incorrect standard.

The judgment is affirmed.

In this opinion the other judges concurred.