# TIMOTHY F. SULLIVAN, ADMINISTRATOR (ESTATE OF WILFREDO MARTINEZ) *v.* LAKE COMPOUNCE THEME PARK, INC., ET AL.
## (SC 17301)

Borden, Norcott, Katz, Palmer and Zarella, Js.

Argued November 23, 2005—officially released February 7, 2006

*Daniel J. Mahaney*, with whom was *Timothy F. Sullivan*, for the appellant (plaintiff).

*Joseph N. DeFilippo*, with whom, on the brief, were *Joel M. Fain*, *Trenton C. Haas* and *Rosemarie T. Weber*, for the appellees (defendants).

*Opinion*

NORCOTT, J. The plaintiff, Timothy F. Sullivan, the administrator of the estate of the decedent, Wilfredo Martinez, brought this action against the defendants, Lake Compounce Theme Park, Inc., Lake Compounce, L.P., and Kennywood Entertainment Company (Kennywood), to recover damages for fatal injuries sustained by the decedent during the performance of his duties as a maintenance worker while employed at the defendants' theme park. The sole issue in this appeal[1] is whether the trial court properly granted the defendants' motion to strike the plaintiff's complaint on the ground that, under General Statutes § 31-284,[2] benefits received

---

[1] The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[2] General Statutes § 31-284 (a) provides: "An employer who complies with the requirements of subsection (b) of this section shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained, but an employer shall secure compensation for his employees as provided under this chapter, except that compensation shall not be paid when the personal injury has been caused by the wilful and serious misconduct of the injured employee or by his intoxication. All rights and claims between an employer who complies with the requirements of subsection (b) of this section and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment are abolished other

pursuant to the Workers' Compensation Act (act); General Statutes § 31-275 et seq.; provide the plaintiff's exclusive remedy. Specifically, we must determine whether the facts alleged in the plaintiff's complaint were legally sufficient to support his claim that the defendants "intentionally created a dangerous condition that made the plaintiff's injuries substantially certain to occur," thereby satisfying the intentional tort exception to workers' compensation exclusivity, as articulated in *Suarez* v. *Dickmont Plastics Corp.*, 229 Conn. 99, 109–10, 639 A.2d 507 (1994) (*Suarez I*), and *Suarez* v. *Dickmont Plastics Corp.*, 242 Conn. 255, 257–58, 698 A.2d 838 (1997) (*Suarez II*). We affirm the judgment of the trial court.

The plaintiff's complaint alleged the following facts. The defendants employed the decedent as a grounds maintenance laborer at their amusement park facility in Bristol. On the morning of June 13, 2001, a grounds manager instructed the decedent to cut grass and weeds beneath the "Boulder Dash" roller coaster using a gasoline powered weed cutter. While the decedent was cutting weeds beneath the roller coaster, a ride mechanic began testing the roller coaster to prepare it for the day's business. Unaware that the decedent was working under the tracks, the mechanic sent the roller coaster on a test run, during the course of which it struck and killed the decedent. The decedent's estate received the appropriate workers' compensation benefits.

The plaintiff subsequently filed this three count complaint against the defendants. The first count, which was entitled, "Intentional Tort Premised Upon Substantial Certainty," alleged thirteen ways in which Lake Compounce, L.P., insufficiently had provided for the dece-

than rights and claims given by this chapter, provided nothing in this section shall prohibit any employee from securing, by agreement with his employer, additional compensation from his employer for the injury or from enforcing any agreement for additional compensation."

dent's safety, citing, inter alia, its failure to: (1) employ a safety mechanism whereby the roller coaster could not be operated when employees were working under the tracks; (2) provide appropriate training on the safe maintenance and testing of roller coasters; (3) establish procedures requiring mechanics to ensure that all employees were clear from dangerous locations prior to testing the roller coasters; and (4) comply with certain industry safety standards. The second count of the complaint sounded in negligence and was directed against Lake Compounce Theme Park, Inc. The third count also sounded in negligence and was directed against Kennywood, the alleged alter ego of Lake Compounce Theme Park, Inc., in an attempt to pierce the corporate veil separating the two entities. In that count, the plaintiff contended that Kennywood had exercised complete dominion and control over Lake Compounce Theme Park, Inc., and alleged that the corporation also was undercapitalized.

The defendants moved to strike the complaint pursuant to Practice Book § 10-39 (a),[3] on the grounds that the plaintiff could not recover under counts one and two of the complaint because the act provided his exclusive remedy. See footnote 2 of this opinion. The defendants also moved to strike count three of the complaint, contending that it was legally insufficient because the plaintiff had pleaded inadequate facts to pierce the corporate veil and that, even if Kennywood were the alter ego of Lake Compounce Theme Park, Inc., the exclusivity bar would nevertheless preclude recovery. The trial court granted the motion to strike as to all three counts,

[3] Practice Book § 10-39 (a) provides in relevant part: "Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted, or (2) the legal sufficiency of any prayer for relief in any such complaint, counterclaim or cross complaint . . . that party may do so by filing a motion to strike the contested pleading or part thereof."

concluding that: (1) the allegations contained in count one did not satisfy the substantial certainty test of the *Suarez I* and *Suarez II* because they did not "translate to an affirmative intent to create an injury causing situation"; (2) the allegations contained in count two also were subject to the substantial certainty test because Lake Compounce Theme Park, Inc., as the sole general partner of Lake Compounce, L.P., was not a "distinguishable legal entit[y] for purposes of employer exclusivity under the workers' compensation statute"; and (3) the plaintiff's contention that Kennywood was the alter ego of Lake Compounce Theme Park, Inc., was "unsupported by any factual allegations in the pleadings." This appeal followed.

On appeal, the plaintiff claims that "the trial court incorrectly concluded that the first count of the plaintiff's complaint was barred by the exclusivity provision of the [act] on the ground that the allegations were insufficient to [satisfy the substantial certainty test]."[4]

"The standard of review in an appeal challenging a trial court's granting of a motion to strike is well established. A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court. As a result, our review of the court's ruling is plenary. . . . We take the facts to be those alleged in the complaint that has been stricken and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support

[1] The plaintiff also had claimed that "the trial court incorrectly concluded that a general partner of a limited partnership . . . should be considered an employer for purposes of the [act] and enjoy the protections of [the] act." The plaintiff, however, subsequently waived this claim at oral argument before this court, stating: "Let me initially point out, if I may, that there were two statements of issue presented to the court in our appeal in our brief and we are not pursuing, and thus waive, the second issue. We are simply pursuing whether or not the trial court . . . was correct in striking the first count of this particular complaint."

a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) *Ventres* v. *Goodspeed Airport, LLC*, 275 Conn. 105, 154, 881 A.2d 937 (2005).

Section 31-284 (a) is the exclusivity provision of the act and provides that an employer, although required to compensate an employee as set forth in the act for death or personal injury sustained in the course of employment, is not liable in a civil action for damages arising from that injury. See footnote 2 of this opinion. An exception to this general rule of exclusivity exists when a plaintiff can establish an intentional tort claim by demonstrating that his employer either: (1) "actually intended to injure [the employee] (actual intent standard)"; or (2) "*intentionally* created a dangerous condition that made [the employee's] injuries substantially certain to occur (substantial certainty standard)." (Emphasis added.) *Suarez II*, supra, 242 Conn. 257–58.

The plaintiff in the present case seeks to recover under this second theory of liability. Although it is less demanding than the actual intent standard, the substantial certainty standard is, nonetheless, an intentional tort claim requiring an appropriate showing of intent to injure on the part of the defendant. *Suarez I*, supra, 229 Conn. 109–10. Specifically, the substantial certainty standard requires that the plaintiff establish that the employer intentionally acted in such a way that the resulting injury to the employee was substantially certain to result from the employer's conduct. Id. To satisfy the substantial certainty standard, a plaintiff must show more than "that [a] defendant exhibited a 'lackadaisical or even cavalier' attitude toward worker safety . . . ." *Stebbins* v. *Doncasters, Inc.*, 263 Conn. 231, 234, 819 A.2d 287 (2003). Rather, a plaintiff must demonstrate that his employer *believed* that its conduct was substantially certain to cause the employee harm. Id.

In the present case, although the plaintiff's complaint contains numerous allegations of state and federal safety violations, inadequate communication procedures, and deficient safety training, the complaint conspicuously omits any claim that the defendants intended harm to befall the decedent or anticipated that harm would result from their conduct. Although the plaintiff's complaint does assert that the defendants "intentionally" failed to correct several dangerous conditions on the premises, this assertion, standing alone, is insufficient to satisfy the substantial certainty test because, as the trial court correctly stated, "failure to take effective remedial action does not translate to an affirmative intent to create an injury causing situation." Cf. *Mingachos* v. *CBS, Inc.*, 196 Conn. 91, 101, 491 A.2d 368 (1985) ("a high risk or probability of harm is not equivalent to the substantial certainty without which an actor cannot be said to intend the harm in which his act results" [internal quotation marks omitted]); *Melanson* v. *West Hartford*, 61 Conn. App. 683, 689, 767 A.2d 764 ("failure to take affirmative remedial action, even if wrongful, does not demonstrate an affirmative intent to create a situation that creates personal injury"), cert. denied, 256 Conn. 904, 772 A.2d 595 (2001).

In an attempt to bolster his argument that we should conclude that the defendants' conduct satisfied the substantial certainty test, the plaintiff attempts to distinguish four recent Appellate Court cases, which held that similar situations did not meet the test's requirements. See *Sorban* v. *Sterling Engineering Corp.*, 79 Conn. App. 444, 457, 830 A.2d 372 (employer's failure to repair equipment and provide adequate safety precautions did not constitute intentional creation of dangerous condition sufficient to satisfy substantial certainty test), cert. denied, 266 Conn. 925, 835 A.2d 473 (2003); *Morocco* v. *Rex Lumber Co.*, 72 Conn. App. 516, 527–28, 805 A.2d 168 (2002) (plaintiff did not meet

substantial certainty standard when evidence showed that he sustained injuries because machine on which he was working was missing safety shield); *Ramos* v. *Branford*, 63 Conn. App. 671, 685, 778 A.2d 972 (2001) (substantial certainty standard not met when town failed to promulgate appropriate safety standards for firefighters); *Melanson* v. *West Hartford*, supra, 61 Conn. App. 689–91 (substantial certainty standard not met where town's failure to train police officers in proper defensive tactics led to one officer accidentally shooting another). Although the plaintiff draws subtle distinctions between the facts of the previously mentioned Appellate Court cases and the present case, he advances no reason for us to deviate from them and our well established precedent requiring a showing of knowledge that the employee would be injured before the substantial certainty test can be satisfied.

Accordingly, because the plaintiff's complaint contained no allegations that the defendants' conduct was motivated by their intention to cause the decedent harm or knowledge that such harm would result, we conclude that it did not satisfy the substantial certainty standard as set forth in *Suarez I* and *Suarez II*. The trial court, therefore, properly granted the defendants' motion to strike the complaint.

The judgment is affirmed.

In this opinion the other justices concurred.