PETER J. AVOLETTA ET AL. *v.*
CITY OF TORRINGTON ET AL.
(AC 32714)

Alvord, Espinosa and Pellegrino, Js.

---

Argued November 9, 2011—officially released January 24, 2012

*Deborah G. Stevenson*, for the appellants (plaintiffs).

*Alexandria L. Voccio*, for the appellees (named defendant et al.).

*S. Peter Sachner*, for the appellee (defendant Edward Kavle).

*Opinion*

ALVORD, J. The plaintiff Joanne Avoletta brought this action as parent and next friend of the plaintiffs Peter J. Avoletta and Matthew Avoletta, her minor sons, and on her own behalf, seeking damages and injunctive relief against the municipal defendants, the city of Torrington (city) and the Torrington board of education (board of education), and seven individually named defendants[1] in their individual capacities as well as in their official capacities. The complaint alleged that the defendants failed to implement and enforce federal and state laws that required them to provide the minor plaintiffs with a free and appropriate public education in a safe school environment in properly maintained buildings with adequate indoor air quality. On appeal, the plaintiffs claim that the trial court improperly rendered judgment in favor of the city, the board of education

---

[1] The plaintiffs alleged that the individual defendants were employees or agents of the municipal defendants.

and the individual defendants in their official capacities[2] after striking the two counts of their state complaint on the ground of governmental immunity. We affirm the judgment of the trial court.

The following procedural history and facts, as alleged in the plaintiffs' complaint, are relevant to our resolution of the issues on appeal. Peter Avoletta attended the Torrington Middle School from August, 1999, to June, 2002. Shortly thereafter, he was diagnosed with irreversible lung disease that had been caused or exacerbated by the existence of bacteria and mold at the school. For the 2003–2004 school year, Peter attended Torrington High School. On the advice of his physician, however, he did not return the following academic year. Although the defendants were willing to provide him with homebound instruction through the use of tutors, the plaintiffs requested that he be provided with a "free appropriate public education" by placing him in a private school located outside of the school district. See Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. When the defendants refused, Joanne Avoletta unilaterally placed Peter at the Chase Collegiate School in Waterbury for his eleventh and twelfth grade education. Her subsequent demand for reimbursement from the defendants for that placement was denied.

In 2003, Matthew Avoletta suffered from chronic allergies and asthma. Although he was not a student at the Torrington Middle School, Matthew attended an event there in May, 2003, and suffered exacerbated

---

[2] This appeal has been taken from a final judgment because the judgment disposed of all the remaining causes of action brought by the plaintiffs against the municipal defendants and the individual defendants in their official capacities. See Practice Book § 61-3 ("judgment disposing of only a part of a complaint . . . is a final judgment if that judgment disposes of all causes of action in that complaint . . . brought by or against a particular party or parties").

symptoms and breathing difficulties. On the advice of his physician, Matthew refused to attend the Torrington Middle School to avoid further personal injury. Joanne Avoletta notified the defendants that she unilaterally had placed Matthew at the Chase Collegiate School, and she sought reimbursement for that placement for all relevant school years. Her request was denied.

On April 30, 2007, the plaintiffs commenced this action against the municipal and individual defendants by way of an eight count complaint. The defendants removed the case to the United States District Court for the District of Connecticut because the plaintiffs had alleged several federal causes of action. The defendants then filed a motion to dismiss the entire complaint with the District Court. By order dated March 31, 2008, the District Court dismissed six of the eight counts, but it declined to exercise supplemental jurisdiction over the state law claims in the remaining two counts, six and seven, and remanded the case to the Superior Court.

On August 14, 2009, the municipal defendants and six of the individual defendants in their official capacities filed a motion to strike the remaining two counts of the complaint on the ground of governmental immunity. The plaintiffs filed an objection to that motion. Following a hearing, the court issued its memorandum of decision on December 21, 2009, granting the defendants' motion to strike both counts.[3] In reaching that determination, the court concluded that the remaining counts, labeled "intentional spoliation of evidence" and "fraudulent concealment," alleged intentional acts involving

---

[3] On August 24, 2009, the seventh individual defendant, who was represented by separate counsel, moved that the two counts be stricken as to him in his official capacity. The plaintiffs filed an objection to that motion, and the matter was taken on the papers at the short calendar session on December 21, 2009. The court's December 21, 2009 decision granting the motion to strike the remaining two counts of the complaint encompassed all of the individual defendants in their official capacities.

wilful misconduct and fraud and that the plaintiffs had failed to set forth a statutory basis for abrogating the defendants' governmental immunity under General Statutes § 52-557n. The court subsequently rendered judgment in favor of the defendants on the stricken counts, and this appeal followed.

The plaintiffs claim that the court improperly struck the remaining counts of their complaint because "[the court] failed to take the facts in the complaint as admitted, failed to construe the complaint in a manner most favorable to sustaining its legal sufficiency and failed to consider exceptions to the doctrine of governmental immunity." Specifically, they argue that for purposes of the motion to strike, the defendants must be deemed to have admitted that they spoliated evidence and concealed information requested by the plaintiffs for the purpose of delaying or defeating the plaintiffs' claims in impending civil and administrative actions. According to the plaintiffs, that conduct constituted a violation of the defendants' ministerial duties. In the alternative, the plaintiffs claim that if the defendants' acts are characterized as discretionary, one or more of the exceptions to discretionary act immunity would apply under the circumstances of this case.[4]

The standard of review in an appeal from the granting of a motion to strike is well established. "Because a motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings

---

[4] "There are three exceptions to discretionary act immunity. . . . First, liability may be imposed for a discretionary act when the alleged conduct involves malice, wantonness or intent to injure. . . . Second, liability may be imposed for a discretionary act when a statute provides for a cause of action against a municipality or municipal official for failure to enforce certain laws. . . . Third, liability may be imposed when the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . ." (Internal quotation marks omitted.) *Violano* v. *Fernandez*, 280 Conn. 310, 319–20, 907 A.2d 1188 (2006).

by the trial court, our review of the court's ruling . . . is plenary. . . . It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Citations omitted; internal quotation marks omitted.) *Doe* v. *Yale University*, 252 Conn. 641, 667, 748 A.2d 834 (2000). "[W]here it is apparent from the face of the complaint that [a] municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff, the defendant is not required to plead governmental immunity as a special defense and may attack the legal sufficiency of the complaint through a motion to strike." (Internal quotation marks omitted.) *Violano* v. *Fernandez*, 280 Conn. 310, 321, 907 A.2d 1188 (2006).[5]

We begin with the principles of governmental immunity. "The general rule is that governments and their agents are immune from liability for acts conducted in performance of their official duties. The common-law doctrine of governmental immunity has been statutorily enacted and is now largely codified in General Statutes § 52-557n." (Internal quotation marks omitted.) *Martin* v. *Westport*, 108 Conn. App. 710, 729, 950 A.2d 19 (2008). Section 52-557n (a) (2) provides: "Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by (A) [a]cts or omissions of any employee, officer or agent which constitute criminal conduct, fraud, actual malice or wilful misconduct . . . ." Accordingly, a complaint fails to state a legally sufficient cause of action against a municipal defendant when such actions are alleged unless its immunity has been abrogated by statute. See *Pane* v. *Danbury*, 267 Conn. 669, 677, 841

---

[5] The plaintiffs do not claim that a motion to strike was an improper procedural vehicle for challenging their action on the ground of governmental immunity.

A.2d 684 (2004), overruled in part on other grounds by *Grady* v. *Somers*, 294 Conn. 324, 349, 984 A.2d 684 (2009); *McCoy* v. *New Haven*, 92 Conn. App. 558, 562, 886 A.2d 489 (2005). Further, "[i]t is well settled law that an action against a government official in his or her official capacity is not an action against the official, but, instead, is one against the official's office and, thus, is treated as an action against the entity itself." *Kelly* v. *New Haven*, 275 Conn. 580, 595, 881 A.2d 978 (2005).

With these principles in mind, we examine counts six and seven of the plaintiffs' complaint. Count six, labeled "intentional spoliation of evidence,"[6] alleged that the defendants "intentionally spoliated evidence [that was] critical" to the plaintiffs' civil action in federal court and to their pursuit of various administrative remedies by directing a remediation contractor not to test six samples taken at the Torrington Middle School for the existence of bacteria and mold. They also alleged that the defendants failed to retain a certain report on the conditions of the heating, ventilation and air conditioning (HVAC) system at the school and failed to provide that report when requested by the plaintiffs pursuant to the Freedom of Information Act, General Statutes § 1-200 et seq.

Count seven, labeled "fraudulent concealment,"[7] alleged that the defendants had actual awareness of (1)

---

[6] "[T]he tort of intentional spoliation of evidence consists of the following essential elements: (1) the defendant's knowledge of a pending or impending civil action involving the plaintiff; (2) the defendant's destruction of evidence; (3) *in bad faith, that is, with intent to deprive the plaintiff of his cause of action*; (4) the plaintiff's inability to establish a prima facie case without the spoliated evidence; and (5) damages." (Emphasis added.) *Rizzuto* v. *Davidson Ladders, Inc.*, 280 Conn. 225, 244–45, 905 A.2d 1165 (2006).

[7] "To prove fraudulent concealment, a plaintiff must demonstrate that the defendant: (1) had actual awareness, rather than imputed knowledge, of the facts necessary to establish the cause of action, (2) *intentionally concealed those facts from the plaintiff* and (3) concealed those facts for the purpose of obtaining delay on the part of the plaintiff in filing a cause of action against the defendant." (Emphasis added.) *Flannery* v. *Singer Asset*

the conditions at Torrington Middle School and Torrington High School, (2) documents and a specific report regarding those conditions and (3) the directive to the remediation consultant not to test the samples taken from the Torrington Middle School. The plaintiffs further alleged that the defendants "intentionally concealed these facts" for the purpose of delay and to defeat claims critical to the plaintiffs' civil action in federal court and to their pursuit of various administrative remedies.

In their appellate brief, the plaintiffs do not contest the fact that they have alleged intentional torts in counts six and seven of their complaint. To the contrary, they argue that "[t]he conduct on the part of the city of Torrington, the Torrington board of education, and its employees, involved malice, wantonness or intent to injure. . . . [T]he defendants repeatedly, maliciously, wantonly and intentionally attempted to injure the plaintiffs to avoid their own liability."[8] Significantly, however, neither in the complaint nor in their brief do they cite any statutory basis for abrogating governmental immunity for claims of intentional spoliation of evidence or fraudulent concealment of evidence.

Finance Co., LLC, 128 Conn. App. 507, 515–16, 17 A.3d 509, cert. granted on other grounds, 302 Conn. 902, 23 A.3d 1242 (2011).

[8] During oral argument before this court, the plaintiffs argued that the allegations in counts six and seven should be interpreted to include acts of negligence. This claim is not in the plaintiffs' appellate brief. Further, after a careful review of the record before the trial court, including the plaintiffs' brief filed in opposition to the defendants' motion to strike and the transcript of the hearing on that motion, we note that the plaintiffs did not make that claim before the trial court. "[A] party cannot present a case to the trial court on one theory and then seek appellate relief on a different one . . . ." (Citation omitted; internal quotation marks omitted.) Ingels v. Saldana, 103 Conn. App. 724, 730, 930 A.2d 774 (2007). "For this court to . . . consider [a] claim on the basis of a specific legal ground not raised during trial would amount to trial by ambuscade, unfair both to the [court] and to the opposing party." (Internal quotation marks omitted.) Gilbert v. Beaver Dam Assn. of Stratford, Inc., 85 Conn. App. 663, 680, 858 A.2d 860 (2004), cert. denied, 272 Conn. 912, 866 A.2d 1283 (2005).

Accordingly, we conclude that counts six and seven of the plaintiffs' complaint alleged intentional torts involving fraud or wilful misconduct and that such claims are barred by governmental immunity. Section 52-557n (a) (2) (A) expressly provides that a political subdivision of the state shall not be liable for acts or omissions of its employees that constitute "criminal conduct, *fraud,* actual malice or *wilful misconduct* . . . ." (Emphasis added.) There is no dispute that the city is a political subdivision, and our Supreme Court has held that the term "wilfulness" is synonymous with "intentional." *Pane* v. *Danbury,* supra, 267 Conn. 685. Intentional spoliation of evidence and fraudulent concealment are acts encompassed within § 52-557n (a) (2) (A), and, under our case law, a municipality cannot be held liable for the intentional torts of its employees. See id.; *Martin* v. *Westport,* supra, 108 Conn. App. 730; *McCoy* v. *New Haven,* supra, 92 Conn. App. 562; *O'Connor* v. *Board of Education,* 90 Conn. App. 59, 65, 877 A.2d 860, cert. denied, 275 Conn. 912, 882 A.2d 675 (2005). The court properly struck counts six and seven on that basis.

The plaintiffs argue, however, that the court improperly failed to consider whether the alleged acts were ministerial in nature or, in the alternative, whether one or more of the exceptions to discretionary act immunity applied before striking the two counts. The defendants respond that the plaintiffs' argument is flawed because neither the distinction between ministerial and discretionary acts nor the exceptions to discretionary act immunity factor into an analysis of governmental immunity when *intentional* as opposed to *negligent* causes of action are alleged. We agree.

Section 52-557n (a) (2) (B) provides that a political subdivision of the state shall *not be liable* for damages

to person or property caused by *negligent acts* or omissions that require the exercise of judgment or *discretion*. Generally, however, municipal employees *are liable* for the misperformance of *ministerial acts* or duties that are to be performed in a prescribed manner without the exercise of judgment or discretion. *Violano* v. *Fernandez*, supra, 280 Conn. 318. For that reason, when a complaint against municipal defendants and employees sounds in negligence, a determination has to be made whether the alleged acts or omissions are ministerial or discretionary in nature. If the complaint alleges negligence in the performance of discretionary acts, the claims will be barred on the ground of governmental immunity unless there is a statute that abrogates the immunity or unless one or more of the three well established exceptions to discretionary act immunity applies under the circumstances of the case. See footnote 4 of this opinion. From our review of the applicable statutory provisions and case law, we conclude that the distinctions between ministerial and discretionary acts and the exceptions to discretionary act immunity are considered only in negligence actions against political subdivisions and their employees. All of the cases cited by the plaintiffs in support of their argument that the trial court improperly failed to consider such factors when ruling on the defendants' motion to strike involved actions alleging negligence.

Here, the plaintiffs have alleged intentional tort causes of action. Subsection (a) (2) (A) of § 52-557n provides that a political subdivision is not liable for acts or omissions of its employees that constitute fraud, malice or wilful misconduct. The provision makes no distinction between ministerial and discretionary acts. When a plaintiff alleges an intentional tort that is governed by the immunity provided in § 52-557n (a) (2) (A), it is immaterial whether the acts were ministerial or discretionary. See *O'Connor* v. *Board of Education*,

226

supra, 90 Conn. App. 65 ("[b]ecause the plaintiff's claim was governed by the immunity provided in § 52-557n [a] [2], the defendant was immune from suit for the intentional torts of its employees, regardless of whether the acts were ministerial or discretionary").

Accordingly, we conclude that the court properly granted the defendants' motion to strike counts six and seven of the complaint on the ground of governmental immunity. Those counts alleged intentional torts that were barred by § 52-557n (a) (2) (A), and the plaintiffs cited no statute that abrogated that immunity for claims of intentional spoliation of evidence and fraudulent concealment of evidence.

The judgment is affirmed.

In this opinion the other judges concurred.