******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# AMY BINKOWSKI *v.* BOARD OF EDUCATION OF THE CITY OF NEW HAVEN ET AL.
## (AC 39298)

DiPentima, C. J., and Bright and Bishop, Js.

*Syllabus*

The plaintiff school teacher sought to recover damages from the defendants J and O, the principal and assistant principal of the school at which she taught, for intentional infliction of emotional distress in connection with a work related incident at the school. In her complaint, the plaintiff alleged, inter alia, that the defendants had instituted a policy of denying assistance to teachers confronted by violent and disruptive students in their classrooms, and had refused to assist her when she was assaulted and injured by two students. She further alleged that the defendants' conduct was wilful and malicious and carried out for the conscious purpose of causing physical and emotional injury to her and other teachers. The defendants filed a motion to strike the complaint on the ground that the plaintiff's claims were barred by the exclusivity provision (§ 31-293a) of the Workers' Compensation Act (act) (§ 31-275 et seq.), which provides that the act is the exclusive remedy for employees injured by a coworker and that no civil action may be brought against a coworker unless the wrongful conduct was wilful or malicious. The trial court granted the defendants' motion to strike, concluding that the plaintiff's complaint did not state a legally sufficient cause of action that fell within intentional tort exception to the exclusivity provision of the act. Thereafter, the trial court granted the defendants' motion for judgment and rendered judgment in favor of the defendants. On the plaintiff's appeal to this court, *held* that the trial court properly granted the defendants' motion to strike, as the plaintiff's complaint failed to state a cause of action that fell within the intentional tort exception to the exclusivity provision of the act: the plaintiff's complaint failed to state a cause of action under the actual intent standard set forth in *Suarez* v. *Dickmont Plastics Corp.* (242 Conn. 255), the factual allegations in the complaint having been insufficient to demonstrate that the defendants actually intended to cause the plaintiff's injury, as the complaint was devoid of any factual allegations that supported the plaintiff's conclusory allegation that the defendants had the conscious purpose of causing the plaintiff physical or emotional injury, or that they directed or authorized the students to assault the plaintiff, the complaint, which alleged that O sent a nurse to assist the plaintiff, contained factual allegations that undermined the plaintiff's claim, and although the complaint alleged that J stood at the end of the hallway and did nothing during the incident, there was no allegation that J knew what had happened to the plaintiff; moreover, the plaintiff's complaint failed to state a cause of action under the substantial certainty standard set forth in *Suarez* because, although it alleged that the defendants implemented a policy denying assistance to teachers with the intent to cause her physical and emotional injury, it failed to allege sufficient facts that would establish that they intentionally created a situation that they believed was substantially certain to cause the plaintiff's injuries.

Submitted on briefs November 29, 2017—officially released March 27, 2018

*Procedural History*

Action to recover damages for intentional infliction of emotional distress, and for other relief, brought to the Superior Court in the judicial district of New Haven, where the action was withdrawn as against the defendant Board of Education of the City of New Haven; thereafter, the court, *Nazzaro, J.*, granted the motion to strike filed by the defendant Yolanda Jones-Generette et al.; subsequently, the court, *Blue, J.*, granted the

motion for judgment filed by the defendant Yolanda Jones-Generette et al. and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed.*

*John R. Williams* filed a brief for the appellant (plaintiff).

*Audrey C. Kramer*, assistant corporation counsel, filed a brief for the appellees (defendant Yolanda Jones-Generette et al.).

*Opinion*

BRIGHT, J. The plaintiff, Amy Binkowski, appeals from the judgment of the trial court rendered in favor of the defendants Yolanda Jones-Generette and Linda O'Brien[1] following the granting of their motion to strike her third revised complaint. On appeal, the plaintiff claims that the court improperly concluded that her complaint failed, as a matter of law, to allege facts that would bring it within the intentional tort exception to the exclusivity provision of the Workers' Compensation Act (act), General Statutes § 31-275 et seq., as set forth in General Statutes § 31-293a. We disagree and, accordingly, affirm the judgment of the trial court.

The plaintiff's third revised complaint[2] contains two counts, one against each defendant, alleging intentional infliction of emotional distress. Both counts allege identical facts. The plaintiff's claims arise out of a work related incident that occurred on February 26, 2014. At that time, the plaintiff was a tenured teacher in the New Haven public school system at Lincoln-Bassett Elementary School (school) in New Haven. Jones-Generette was the principal, and O'Brien was the assistant principal, for the school during the 2013–2014 school year.

In the summer of 2013, the defendants instituted a policy for the school regarding student discipline. The policy established that the administrators of the school would not be involved in any issues related to student discipline. In accordance with the policy, the defendants "refused to allow classroom teachers to send disruptive students out of the classroom to a different environment, refused to intervene in any disrupted classroom, refused to discipline disruptive or violent students or to permit classroom teachers to discipline disruptive or violent students, refused to allow help to be summoned from outside of the school under any circumstances, and refused to provide any protection whatsoever to teachers confronted with disruptive or violent students."

During the 2013–2014 school year, violence at the school escalated. On February 26, 2014, two students assaulted the plaintiff in her classroom, knocking her to the floor. As a result of the assault, the plaintiff severely sprained her left ankle and knee. The plaintiff was unable to stand, so she called out for help. Adrianna Petrucci, the teacher in the classroom across the hall, responded to the plaintiff's call for help. The plaintiff was in pain, lying on the floor, and Petrucci immediately called the school's main office for assistance. Petrucci "also sent a text message to . . . O'Brien, stating: '[The plaintiff] is on the floor in her room from being shoved out of the way.' " After receiving the text message, O'Brien told Petrucci to send a student to the office. Petrucci repeated that the plaintiff "is on the floor" in

her classroom, and O'Brien responded that she did not know what that meant.

Although O'Brien did not send security to assist the plaintiff or go to the classroom herself, she sent the school nurse to help the plaintiff. While the nurse and another teacher helped place the plaintiff in a wheelchair, some students began fighting in the classroom; the defendants still had not gone to the plaintiff's classroom. The plaintiff alleged that "Jones-Generette was standing down at the end of the hallway doing nothing. At no point was 911 called, and at no point was any outside assistance summoned."

The plaintiff alleged that the defendants' conduct was "wilful and malicious. It was carried out for the conscious purpose of causing physical and emotional injury to the plaintiff and other teachers and to cause conditions in the school to deteriorate so badly that the state of Connecticut would offer special financial assistance to the school, which otherwise would not have been available. The said conduct was carried out in conscious disregard of the injuries it would cause to the plaintiff, to other teachers, and to the students in the school." The plaintiff further alleged that the defendants' conduct "was extreme and outrageous and was carried out with the knowledge that it would cause the plaintiff to suffer severe emotional distress." The plaintiff sought compensatory and punitive damages, claiming that she suffered physical injuries and emotional distress as the result of the defendants' conduct.

The defendants filed a motion to strike the plaintiff's third revised complaint. They argued that the plaintiff's claims are barred by the exclusivity provision of the act because the complaint failed to allege sufficient facts to support the claim that the defendants' conduct was wilful or malicious. Following a hearing on June 22, 2015, the trial court, *Nazzaro, J.*, issued a memorandum of decision granting the defendants' motion to strike. The court concluded that there was "nothing in the complaint to suggest that there was intent on the part of the defendants to cause the plaintiff's particular injuries." Specifically, the court held that "the defendants' failure to take action does not demonstrate that they intended to cause the harmful situation under which the plaintiff suffered injury, and therefore their actions do not fall within an exception [to] the exclusivity provision of the [a]ct. Accordingly, the plaintiff has not set forth a legally sufficient cause of action." The plaintiff filed a notice of intent to appeal on October 9, 2015, and, thereafter, the trial court, *Blue, J.*, granted the defendants' motion for judgment and rendered judgment in favor of the defendants. This appeal followed.

We begin by setting forth the standard of review and legal principles that govern our resolution of this appeal. "The standard of review on an appeal challenging the granting of a motion to strike is well established.

A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court. As a result, our review of the court's ruling is plenary. . . . We take the facts to be those alleged in the complaint that has been stricken and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . [W]e assume the truth of both the specific factual allegations and any facts fairly provable thereunder. . . . A [motion to strike] admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *Mercer* v. *Champion*, 139 Conn. App. 216, 223, 55 A.3d 772 (2012).

Section 31-293a provides in relevant part that "[i]f an employee . . . has a right to benefits or compensation under [the act] on account of injury . . . caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee . . . and no action may be brought against such fellow employee unless such wrong was wilful or malicious . . . ."

"In *Jett* v. *Dunlap*, 179 Conn. 215, 425 A.2d 1263 (1979), our Supreme Court recognized an exception to the exclusivity provision for intentional torts of an employer. . . . Subsequently, in *Suarez* v. *Dickmont Plastics Corp.*, 229 Conn. 99, 639 A.2d 507 (1994) (*Suarez I*), and *Suarez* v. *Dickmont Plastics Corp.*, 242 Conn. 255, 698 A.2d 838 (1997) (*Suarez II*), the court expanded the intentional tort exception to the exclusivity provision to include circumstances in which either . . . the employer actually intended to injure the plaintiff (actual intent standard) or . . . the employer intentionally created a dangerous condition that made the plaintiff's injuries substantially certain to occur (substantial certainty standard)." (Citation omitted; emphasis omitted; internal quotation marks omitted.) *Dinino* v. *Federal Express Corp.*, 176 Conn. App. 248, 255–56, 169 A.3d 303 (2017).

On appeal, the plaintiff argues that her complaint states a cause of action under both the actual intent standard and the substantial certainty standard. We disagree.

I

The plaintiff first claims that her complaint "clearly and explicitly alleged intentional conduct . . . with great factual detail." The plaintiff argues that the factual allegations in her complaint "would support a jury's finding that the defendants intentionally and maliciously took affirmative actions, and took some of those actions with the intent that this specific plaintiff suffer

the injuries which she did suffer." We are not persuaded.

The actual intent prong of *Suarez II* requires that "[b]oth the action producing the injury and the resulting injury must be intentional. . . . [The] characteristic element is the design to injure either actually entertained or to be implied from the conduct and circumstances." (Citation omitted; internal quotation marks omitted.) *Suarez II*, supra, 242 Conn. 279. "Without a showing that the employer's violations of safety regulations were committed with a conscious and deliberate intent directed to the purpose of inflicting an injury . . . [a] wrongful failure to act to prevent injury is not the equivalent of an intention to cause injury." (Citation omitted; internal quotation marks omitted.) *Ramos* v. *Branford*, 63 Conn. App. 671, 685, 778 A.2d 972 (2001). "A result is intended if the act is done *for the purpose of accomplishing such a result . . . .*" (Emphasis in original; internal quotation marks omitted.) *Suarez II*, supra, 279.

In her complaint, the plaintiff alleges that the defendants instituted a policy of denying assistance to teachers confronted by violent and disruptive students in their classrooms, and then refused to assist the plaintiff when she was assaulted in her classroom by two students. According to the plaintiff, this policy of inaction, and the defendants' failure to take action once the plaintiff had been injured, were "carried out for the conscious purpose of causing physical and emotional injury to the plaintiff and other teachers" in order to receive financial assistance from the state of Connecticut. Construing these facts in the manner most favorable to sustaining the legal sufficiency of the complaint, as we must, we, nevertheless, conclude that the plaintiff has failed to state a cause of action that falls within the intentional tort exception to the exclusivity provision of the act.

In order to satisfy the actual intent prong, there has to be factual allegations that establish that the employer's intentional conduct was designed to cause the employee's injury. In *McCoy* v. *New Haven*, 92 Conn. App. 558, 560, 886 A.2d 489 (2005), the plaintiff alleged that he was assaulted by a coemployee and that, "as the city affirmatively condoned and thereby positively fostered . . . assaultive conduct by [the coemployee] against his co-workers, the city either intended or was substantially certain that the plaintiff's injuries would occur." (Internal quotation marks omitted.) This court affirmed the trial court's granting of the city's motion to strike. Id. We reasoned that "[a]lthough [the plaintiff's complaint] alleges in conclusory fashion that the [*Suarez*] exception applies, the complaint contains no allegations that the city intended to injure the plaintiff or that the city directed or authorized [the coemployee] to injure the plaintiff." Id., 563. Relying on our Supreme Court's decision in *Jett* v. *Dunlap*, supra, 179 Conn. 215, this court

explained that merely alleging that the employer condoned the acts that resulted in the plaintiff's injury is not enough. Id., 564. We concluded that "[a]bsent allegations that the city . . . directed or authorized the assault, the *Suarez* exception does not apply." Id.

In the present case, the plaintiff's complaint contains a conclusory allegation that the defendants undertook their actions for the "conscious purpose" of causing the plaintiff physical and emotional injury. As in *McCoy*, there is no allegation that the defendants directed or authorized the students to assault the plaintiff, and the plaintiff's factual allegations do not support the conclusory allegation that the defendants intended to cause the plaintiff's injuries. In fact, the complaint contains factual allegations that undermine the plaintiff's claim that the defendants intended to cause her to suffer physical and emotional injuries. For example, the complaint alleges that O'Brien sent a nurse to assist the plaintiff, which is inconsistent with an intent to cause the plaintiff any type of harm. Additionally, the complaint alleges that Jones-Generette stood at the end of the hallway doing nothing during the incident, but there is no allegation that Jones-Generette even knew what had happened to the plaintiff. Accordingly, the plaintiff's complaint is devoid of any factual allegations that would support her conclusory allegation that the defendants actually intended to injure the plaintiff. At best, the plaintiff's complaint alleges that the defendants condoned violence in the school, which is insufficient to establish that the defendants actually intended to injure the plaintiff. See *McCoy* v. *New Haven*, supra, 92 Conn. App. 563–64.

Simply put, the factual allegations in the complaint, if proven, are insufficient to demonstrate that the defendants actually intended to injure the plaintiff. Accordingly, the plaintiff's complaint fails to state a cause of action under the actual intent prong of *Suarez II*.

II

The plaintiff also claims that she has sufficiently pleaded facts to sustain the legal sufficiency of her complaint under the substantial certainty standard. The plaintiff argues that the factual allegations establish that her "injuries were known to the defendants to be a substantially certain consequence of their actions." We disagree.

"Although it is less demanding than the actual intent standard, the substantial certainty standard is, nonetheless, an intentional tort claim requiring an appropriate showing of intent to injure on the part of the defendant. . . . Specifically, the substantial certainty standard requires that the plaintiff establish that the employer intentionally acted in such a way that the resulting injury to the employee was substantially certain to result from the employer's conduct. . . . To satisfy the

substantial certainty standard, a plaintiff must show more than that [a] defendant exhibited a lackadaisical or even cavalier attitude toward worker safety . . . . Rather, a plaintiff must demonstrate that [the] employer believed that its conduct was substantially certain to cause the employee harm." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *Sullivan* v. *Lake Compounce Theme Park, Inc.*, 277 Conn. 113, 118, 889 A.2d 810 (2006). "Substantial certainty exists when the employer cannot be believed if it denies that it knew the consequences were certain to follow." *Sorban* v. *Sterling Engineering Corp.*, 79 Conn. App. 444, 455, 830 A.2d 372, cert. denied, 266 Conn. 925, 835 A.2d 473 (2003).

The trial court, relying on this court's decision in *Melanson* v. *West Hartford*, 61 Conn. App. 683, 767 A.2d 764, cert. denied, 256 Conn. 904, 772 A.2d 595 (2001), concluded that the plaintiff had failed to state a cause of action under the substantial certainty prong of *Suarez II*. In *Melanson*, the plaintiff was a police officer who had been shot accidentally by a fellow police officer while they were executing a search warrant. Id., 685–86. The plaintiff, relying on the substantial certainty standard, claimed that the town's failure to manage, train, and staff his team of police officers adequately permitted the inference that the town intentionally had created a situation that it knew was substantially certain to cause his injuries. Id., 686.

This court affirmed the trial court's granting of the defendants' motion to strike the plaintiff's complaint, concluding that the plaintiff had not alleged facts that would permit a finding that the town knew that the plaintiff's injury was substantially certain to occur. Id., 689–90. This court rejected the plaintiff's claim for two reasons. First, we reasoned that "the alleged town failings on which the plaintiff rests his case are allegations of misconduct that address negligence rather than intentional misconduct. Failure to take affirmative remedial action, even if wrongful, does not demonstrate an affirmative intent to create a situation that causes personal injury." (Footnote omitted.) Id., 689. Second, the plaintiff's "complaint provide[d] no factual basis for a finding that the town was substantially certain that the specific injury that the plaintiff suffered would occur." Id.

The present case is controlled by this court's decision in *Melanson*. In *Melanson*, the plaintiff alleged that the town and the individual defendants had failed to take affirmative remedial action. On appeal, this court noted that such allegations "address negligence rather than intentional misconduct." Id., 689. In the present case, the plaintiff has alleged that the defendants affirmatively failed to take certain actions and that they knew the plaintiff's injuries would occur as the result of their policy of inaction. Although the plaintiff has framed

the defendants' failure to take action as "intentional conduct," the plaintiff's claim is indistinguishable from the plaintiff's claim in *Melanson*. At best, the defendants' conduct, as alleged in the complaint, establishes a "lackadaisical or even cavalier attitude towards worker safety . . . ." (Internal quotation marks omitted.) *Sullivan* v. *Lake Compounce Theme Park, Inc.*, supra, 277 Conn. 119. The defendants' allegedly wrongful conduct "is not the equivalent of ordering [a] soldier to walk through a mine field all by himself just to see if it was working." (Internal quotation marks omitted.) *Melanson* v. *West Hartford*, supra, 61 Conn. App. 689 n.7.

Although the plaintiff has alleged that the defendants implemented a policy denying assistance to teachers with the intent to cause her physical and emotional injury, she has failed to allege sufficient facts that would establish that the defendants intentionally created a situation that they believed was substantially certain to cause the plaintiff's injuries. Accordingly, the plaintiff's complaint fails to state a cause of action under the substantial certainty prong of *Suarez II*.

In sum, the plaintiff failed to allege facts that, if proven, would be sufficient to allow recovery under either the actual intent standard or the substantial certainty standard. Accordingly, the trial court properly granted the defendants' motion to strike the plaintiff's complaint.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff initially filed her complaint against the Board of Education of the city of New Haven (board), Jones-Generette, and O'Brien. Following the trial court's granting of the defendants' first motion to strike, the plaintiff withdrew the action as to the board. All references to the defendants in this opinion are to Jones-Generette and O'Brien.

[2] The defendants filed a request to revise the original complaint on December 4, 2014, and the plaintiff then filed a revised complaint on December 5, 2014. Thereafter, the defendants filed a motion to strike the plaintiff's revised complaint on December 22, 2014, which the trial court granted on February 23, 2015. The plaintiff then filed the operative complaint on April 13, 2015.